1   Alejandro P. Gutierrez, SBN 107688
    *agutierrez@hathawaylawfirm.com*
    **HATHAWAY, PERRETT, WEBSTER, POWERS,**
2   **CHRISMAN & GUTIERREZ, APC**
    5450 Telegraph Road, Suite 200
3   Ventura, CA  93006-3577
    Tel: (805) 644-7111; Fax: (805) 644-8296
4
    Daniel J. Palay, SBN 159348
5   *djp@calemploymentcounsel.com*
    Brian D. Hefelfinger, SBN 253054
6   *bdh@calemploymentcounsel.com*
    **PALAY HEFELFINGER, APC**
7   1484 E. Main Street, Suite 105-B
    Ventura, CA 93001
8   Tel: (805) 628-8220; Fax: (805) 765-8600

9   Michael A. Strauss, SBN 246718
    *mike@strausslawyers.com*
10  Andrew C. Ellison, SBN 283884
    *andrew@strausslawyers.com*
11  **STRAUSS & STRAUSS, APC**
    121 North Fir Street, Suite F
12  Ventura, CA 93001
    Tel: (805) 641-6600; Fax: (805) 641-6607
13

14                  UNITED STATES DISTRICT COURT

15              FOR THE NORTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17  ROBERT BANKWITZ, an individual; WILLIAM JACOBO, an individual; and  18  JOSHUA HERNANDEZ, an individual;  19           Plaintiffs,  20       v.  21  22  ECOLAB INC., a Delaware corporation; and DOES 1 through 100, inclusive,  23           Defendants. | Case No.  CLASS ACTION  **COMPLAINT FOR:**  1) **FAILURE TO PAY OVERTIME AND DOUBLETIME PREMIUM WAGES;**  2) **PAY STUB VIOLATIONS;**  3) **UNFAIR COMPETITION; and**  4) **FAILURE TO TIMELY PAY FINAL WAGES;**  5) **FAILURE TO PAY MINIMUM WAGES;**  6) **FAILURE TO PROVIDE LEGALLY COMPLIANT REST PERIODS.**  **DEMAND FOR JURY TRIAL** |

1

**COMPLAINT; DEMAND FOR JURY TRIAL**

**TO ALL INTERESTED PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:**

COME NOW, Plaintiffs ROBERT BANKWITZ, WILLIAM JACOBO, and JOSHUA HERNANDEZ ("Plaintiffs") and the putative class, and submit the following Complaint against ECOLAB INC. and DOES 1 through 100, inclusive (collectively "Eclolab" or "Defendants"), and each of them as follows.

**INTRODUCTION**

1. This is a class, collective, and representative action brought by Plaintiffs, on behalf of themselves and all others similarly situated. Plaintiffs and those similarly situated are or were employed by Defendants as Hospitality Territory Managers, Territory Managers, Territory Sales Managers and/or Territory Sales Representatives, and were denied proper compensation as required by state and federal wage-and-hour laws.

2. The Class is made up of each and every person who has worked for Defendants in California as a Hospitality Territory Managers, Territory Managers, Territory Sales Managers and/or Territory Sales Representatives within 4 years of the filing of this action and the trial of this action (the "Class Period"), except for such time period as may be covered by the release in the matter of *Martino v. Ecolab, Inc.*, United States District Court for the Northern District of California case number 3:14-cv-04358-VC.

3. During the Class Period, Defendants failed to pay overtime compensation to Plaintiff and each member of the putative classes as required by federal and state law.

4. Ecolab, unfortunately, has a history of misclassifying its California nonexempt workers as exempt. *See, e.g. Ross v. Ecolab Inc.*, No. 13-CV-5097-PJH, 2015 WL 5681323 (N.D. Cal. Sept. 28, 2015) (exemption found inapplicable at summary judgment to similar Ecolab position of Route Manager or Route Sales Manager); *Ladore v. Ecolab* CV 11-9386 GAF(FMOx); *Martino v. Ecolab* 5:14-cv-04358-PSG. Here, Defendants have continued to fail to pay overtime and doubletime premiums to its Hospitality Territory Managers, Territory Managers, Territory Sales Managers and/or Territory Sales Representatives in California. As a result, all current Territory Managers, Territory Sales Managers and/or Territory Sales Representatives, even those who participated in the *Martino*

1 settlement, have continued to work overtime and doubletime hours without any additional
2 compensation therefor.  The within Plaintiffs seek relief for all such individuals.

3     5. Plaintiff Bankwitz seeks injunctive relief to cause Defendants to begin paying overtime
4 and doubletime premiums to all Hospitality Territory Managers, Territory Managers, Territory Sales
5 Managers and/or Territory Sales Representatives in California.

6     6. In conclusion, the Plaintiffs seek relief for the Class under California wage-and-hour
7 law to remedy Defendants' continued failure to pay all wages due, pay appropriate overtime
8 compensation, pay waiting-time penalties, and to provide accurate wage statements.

## VENUE AND JURISDICTION

10     7. Jurisdiction over Plaintiffs' federal claims is based upon 29 U.S.C. § 216(b), which
11 authorizes employees to bring civil actions in courts of appropriate jurisdiction to recover damages for
12 an employer's failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C. §§ 1331 and
13 1337.

14     8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  At all times material
15 herein, Defendant Ecolab Inc. has been actively conducting business in the State of California and
16 within the geographic area encompassing the Northern District of the State of California, where it
17 employs dozens of putative class members.  Further, venue is proper in this district as this case is
18 related to the matter of *Martino et al v. Ecolab Inc.*, N.D. Cal. Case No. 3:14-cv-04358-VC,
19 previously litigated in this District.

20     9. Jurisdiction over Plaintiffs' state law class action claims under the California Labor
21 Code and the claim under section 17200 of the California Business and Professions Code are based
22 upon this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), because the state law claims
23 are so related to Plaintiffs' federal claims that they form a part of the same case or controversy
24 between Plaintiffs and Defendants.

## THE PARTIES

26     10. At all times herein mentioned, Plaintiff Robert Bankwitz was an employee of
27 Defendants, working in the state of California as a Territory Manager, from in or about 2013 through
28 the present.

11. At all times herein mentioned, Plaintiff William Jacobo was an employee of Defendants, working in the state of California as a Hospitality Territory Manager, from in or about 2015 through the present.

12. At all times herein mentioned, Plaintiff Joshua Hernandez was an employee of Defendants, working in the state of California as a Territory Manager, from in or about 2008 through March of 2017.

13. Unless otherwise stated, at all times herein mentioned Plaintiff Bankwitz was an individual residing in the County of Los Angeles, State of California.

14. Unless otherwise stated, at all times herein mentioned Plaintiff Jacobo was an individual residing in the County of Los Angeles, State of California.

15. Unless otherwise stated, at all times herein mentioned Plaintiff Hernandez was an individual residing in the County of Los Angeles, State of California.

16. At all times herein mentioned, Plaintiffs are informed and believe and, based on such information and belief, thereon allege that Ecolab Inc., is a Delaware corporation that does business (and employs dozens of putative class members) in the Northern District of California.

17. The true names and capacities, whether individual, corporate, associate, representative or otherwise, of the defendants identified herein as Does 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by said fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of Does 1 through 100 when they have been ascertained. Does 1 through 100 are in some manner legally responsible for the wrongs and injuries alleged herein.

18. Each of the Defendants acted as the agent or employee of the others and each acted within the scope of that agency or employment.

## CLASS ACTION ALLEGATIONS

19. This action is brought pursuant to the Ninth Circuit holding in *Morris v. Ernst & Young, LLP*, 2016 WL 4433080 (9th Cir. Aug. 22, 2016) holding that a class action waiver violates the NLRA and "cannot be enforced." The Ninth Circuit in rendering its opinion, noted that "The Board has concluded that an employer violates the NLRA "when it requires employees covered by the Act,

as a condition of their employment, to sign an agreement that precludes them from filing joint, class, or collective claims addressing their wages, hours, or other working conditions against the employer in any forum, arbitral or judicial." *Id.* at *2. Accordingly, in this case to the extent any putative class member may have signed an agreement waiving his or her right to file a class action relating to wages, it is unenforceable.

20. Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> Each and every person who has worked for Defendants in California as a Hospitality Territory Managers, Territory Managers, Territory Sales Managers and/or Territory Sales Representatives at any time between four years prior to the filing of this complaint and the trial of this action (the "Class Period"), except for such time period as may be covered by the release in the matter of *Martino v. Ecolab, Inc.*, United States District Court for the Northern District of California case number 3:14-cv-04358-VC.

21. <u>Numerosity</u>: The Class represents over 25 persons and is so numerous that the joinder of each member of the Class is impracticable.

22. <u>Typicality</u>: Plaintiffs' claims are typical of the members of the Class. Plaintiffs are informed and believe that, like other Hospitality Territory Managers, Territory Managers, Territory Sales Managers and/or Territory Sales Representatives they routinely worked more than forty hours per week, and more than eight (or even twelve) hours per day, during the Class Period. Plaintiffs had the same duties and responsibilities as other Class members. Plaintiffs and the Class were subject to Defendants' policy and practice of improperly treating and classifying Hospitality Territory Managers, Territory Managers, Territory Sales Managers and/or Territory Sales Representatives as "exempt" from federal and state overtime laws, failing to pay appropriate overtime compensation, failing to pay waiting time penalties, failing to provide accurate itemized wage statements, and failing to maintain accurate records of hours worked.

23. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants such as Ecolab. The members of the Class that Plaintiffs

represent have no plain, speedy or adequate remedy at law against Defendants, other than by maintenance of this class action, because Plaintiffs are informed and believe, and on such information and belief allege, that the damage to each member of the Class is relatively small and that it would be economically infeasible to seek recovery against Defendants other than by a class action.

24. <u>Adequacy</u>: Plaintiffs will fairly and adequately represent the interests of the Class, because Plaintiffs are members of the Class, and Plaintiffs' claims are typical of those in the Class.

25. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Indeed, the same class of Hospitality Territory Managers, Territory Managers, Territory Sales Managers and/or Territory Sales Representatives was certified in the aforementioned *Martino* matter, but the certification was as of in or about February 2016. Hospitality Territory Managers, Territory Managers, Territory Sales Managers and/or Territory Sales Representatives who, like the representative Plaintiffs, began working for Ecolab in California beyond the date of the certification of the class in the *Martino* matter were <u>not</u> members of that class, and yet their claims are identical to those of the certified class. The common questions of law and fact that predominate in this matter (as they did in *Martino*) include:

    a. Whether Defendants improperly treated Plaintiffs and the members of the Class as exempt from overtime;

    b. Whether Defendants unlawfully failed to pay appropriate overtime compensation to the Plaintiffs and the members of the Class in violation of the California Labor Code §§ 510 and 1194, California Industrial Wage Order No. 5-2001 (8 Cal. Code Regs. § 11050), and the FLSA;

    c. Whether Plaintiff Bankwitz and the members of the Class who are no longer employed by Defendants are entitled to waiting time penalties pursuant to California Labor Code § 203;

    d. Whether Defendants provided adequate itemized wage statements to the Plaintiffs and the members of the Class pursuant to California Labor Code § 226;

    e.  Whether Defendants' conduct violated the California Unfair Practices Act set forth in the Business and Professions Code § 17200 *et seq.* by violating the state and federal laws as set forth herein;

    f.  Whether Defendants paid the minimum wage for all hours worked;

    g.  Whether Defendants provided legally compliant rest periods as required by California law;

    h.  The proper measure of damages sustained by the Plaintiffs and the Class; and

    i.  Whether Defendants' actions were "willful" and/or "knowing and intentional."

26. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests. (*See* Order Granting Class Certification, *Martino et al v. Ecolab Inc.*, N.D. Cal. Case No. 3:14-cv-04358-PSG [39].

27. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Specifically, Plaintiffs and the putative class are entitled to overtime pay under California law, and yet Defendants continue to fail to pay minimum wages and overtime premiums to Plaintiffs and the putative class here. (*See, Id.*)

28. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions only affecting individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Class the overtime and doubletime pay to which they are entitled. The damages

suffered by the individual Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices. (*See, Id.*)

29. Plaintiffs intend to send notice to all members of the Class to the extent required by Rule 23. The names and addresses of the members of the Class are available from Defendants.

## FIRST CAUSE OF ACTION

*Failure To Pay Overtime And Doubletime Premium Wages*

**(Action Brought By Plaintiffs On Behalf Of Themselves**

**And The Class Against All Defendants)**

30. Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

31. California law requires payment of overtime premium pay for all hours worked by non-exempt employees in excess of eight in one day or 40 hours in one week and for the first eight hours on the seventh-straight day of work in one workweek. Lab. Code § 510. It further requires payment of doubletime premium pay for all hours worked by non-exempt employees in excess of twelve hours in one day or in excess of eight hours on the seventh-straight day of work in a single workweek. *Id.*

32. Plaintiffs and the Class regularly worked hours for which they were not paid overtime or doubletime premium wages, including for hours they worked in excess of eight in a day, 40 in a week, and on the seventh straight day of work in a workweek. By way of example, Plaintiffs regularly worked in excess of eight hours each day due to the nature of the business and the fact that they regularly had to attend to emergency service calls for their customers. Additionally, on a rotating basis, Plaintiffs performed "weekend duty" work, which required them to be on call and respond to customer calls and emergency service calls during the weekend. The weekend duty time was not compensated by Defendants. Plaintiffs and the Class also regularly had to perform "installs" after hours, which resulted in workdays in excess of 12 hours and no additional overtime premium pay. They also had to perform preliminary and postliminary work at their homes, which added to their daily and weekly tally of uncompensated overtime hours worked.

33. Plaintiffs and the Class seek such overtime and doubletime premium wages owed to them for the three-year period measured backward from the date of the filing of the initial Complaint in this matter. (In the Unfair Business Practices cause of action stated herein, Plaintiffs and the Class seek restitution of unpaid overtime and doubletime wages due for the four-year period measured backward from the date of the filing of the initial Complaint in this matter.)

34. The exact amount of overtime and doubletime premium wages owed will not be fully ascertained until discovery is completed. Until Defendants produce the necessary documents for an accounting, Plaintiffs are unable to determine the exact amount of overtime and doubletime premium wages owed. Additionally, Defendants did not keep accurate records of the hours Plaintiffs and the other Class members worked.

35. Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2." Interest is also available under Labor Code section 1194. Plaintiffs seek such interest on all overtime and doubletime premium wages owed to themselves and the Class for the three-year period measured backward from the date of the filing of the initial Complaint in this matter.

36. Pursuant to Labor Code section 1194, Plaintiffs request the Court to award Plaintiffs' reasonable attorney's fees and costs incurred in this action.

## SECOND CAUSE OF ACTION

*Pay Stub Violations*

**(Action Brought By Plaintiffs On Behalf Of Themselves And The Class Against All Defendants)**

37. Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

38. California Labor Code section 226 provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of

the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

39. In this case, Defendants have failed to provide such wage deduction statements to Plaintiffs and the Class in that their wage deduction statements do not include, without limitation, their accurate gross wages earned, all overtime/doubletime hours worked, net wages earned, itemized compensation for rest periods, or all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee. Plaintiffs' wage deduction statements show, rather, that Plaintiffs worked 86.67 hours per week, regardless of how many actual hours they worked. Defendants have intentionally failed to put the information required by section 226(a) on the paycheck stubs.

40. Pursuant to Labor Code section 226(e), damages are appropriate. At this time, Plaintiffs believe and allege that they and the Class are owed the maximum allowable penalty under section 226(e) because Defendants intentionally failed to provide adequate paycheck stubs. However, the exact amount of damages under Labor Code section 226(e) will not be fully ascertained until discovery is completed. Until Defendants produce the necessary documents for an accounting, Plaintiffs are unable to determine the exact amount of damages under Labor Code section 226(e).

41. Pursuant to Labor Code section 226(e), Plaintiffs request the court to award Plaintiffs' reasonable attorney's fees and costs incurred by Plaintiffs in this action.

## THIRD CAUSE OF ACTION

*Unfair Competition*

**(Action Brought By Plaintiffs On Behalf Of Themselves And The Class Against All Defendants)**

42. Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as though fully set forth herein.

43. This cause of action is being brought pursuant to California Business and Professions Code section 17200 et seq. and California case law including *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.App.4th 163 (2000).

44. It is alleged that Defendants have willfully failed to pay Plaintiffs and the Class the state-mandated overtime and doubletime premium wages, minimum wages, and rest periods. The failure to pay such wages and expenses under state and federal law constitutes unfair business practices under California Business and Professions Code section 17200.

45. As a result of the conduct of Defendants, Defendants profited from breaking the law. Plaintiff and the Class seek disgorgement of Defendants' unlawfully obtained benefits (plus interest thereon) for the four-year period measured backward from the date of filing of the initial Complaint in this matter.

46. California Business and Professions Code section 17203, under the authority of which a restitutionary order may be made, provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

47. As a result of the alleged aforesaid actions, Plaintiff and the Class have suffered injury in fact and have lost money as a result of such unfair competition.

///

48.     Business and Professions Code section 17204 authorizes injunctive relief to be sought by "any person acting for the interests of itself, its members, or the general public." *See Herr v. Nestle U.S.A., Inc.*, 109 Cal. App. 4th 779, 789 (2003). Plaintiff Bankwtiz, who has suffered (and continues to suffer) injury in fact, seeks injunctive relief on his own behalf and on behalf of those members of the Class who, like him, remain employed by Defendants and continue to work overtime and doubletime hours without any pay therefor. Plaintiff Bankwitz, who is currently employed by Defendants, and such members of the Class are under a real and/or immediate threat of repeated injury due to Defendants' failure to pay them overtime wages under California law. Defendants continue to suffer and permit Plaintiff Bankwitz and the Class to work overtime hours, as those terms are defined under Labor Code section 510 and the relevant IWC Wage Order, and yet do not compensate them with overtime premiums as required by California law. Plaintiff Bankwitz, therefore, seeks injunctive relief to enjoin Defendants' ongoing unfair trade practices, including without limitation Defendants' continued failure to pay overtime and doubletime premium wages as required by the California Labor Code and the relevant IWC Wage Order.

49.     In this case, it is requested that this Court order restitution of all unpaid wages found to be owing for the four-year period prior to the filing of the initial complaint in this matter, up through the present, and issue all other appropriate equitable relief, including without limitation an order enjoining Defendants from continuing to treat the Class as exempt from California's overtime laws and, instead, to pay Plaintiff Bankwitz and members of the Class overtime premiums for all overtime hours worked.

**FOURTH CAUSE OF ACTION**

*Failure To Timely Pay Wages At Termination*

**(Action Brought By Plaintiff Hernandez On Behalf Of Himself And The Class Against All Defendants)**

50.     Plaintiff Hernandez incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

51.     Labor Code section 201 provides, in relevant part, "If an employer discharges an

employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Lab. Code § 201(a).  Labor Code section 202 provides, in relevant part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."  Lab. Code § 202(a).  Defendants did not pay immediately all wages earned and unpaid to Plaintiff Hernandez and the Class upon their discharge or resignation.  Defendants have refused and continue to refuse to pay said wages.

52. Pursuant to Labor Code section 203, Defendants have willfully failed to pay without abatement or reduction, in accordance with Labor Code sections 201 and 202 all of the overtime, vacation, and doubletime wages of the Plaintiff Hernandez and the Class, as herein alleged.  (As for Plaintiff Hernandez, his employment with Defendants ended in or about March 2017.)  Plaintiff Hernandez seeks wages and waiting-time penalties pursuant to Labor Code section 203 on behalf of himself and the Class.  These penalties consist of up to 30 days of pay for Plaintiff Hernandez and the Class at their regular rates of pay.

53. Plaintiff Hernandez and the Class have been available and ready to receive wages owed to them.

54. Plaintiff Hernandez and the Class have never refused to receive any payment, nor have they been absent from their regular places of residence.

55. Defendants' failure to pay wages due and owing Plaintiff Hernandez and the Class, as indicated in prior paragraphs, was willful; Defendants have knowingly refused to pay any portion of the amount due and owning Plaintiff Hernandez and the Class.

///

///

# FIFTH CAUSE OF ACTION

*Failure To Pay Minimum Wages*

**(Action Brought By Plaintiffs On Behalf Of Themselves And The Class Against All Defendants)**

56. Plaintiffs incorporate by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

57. Section 1197 of the Labor Code establishes California's minimum wage. Until July 1, 2014, the minimum wage in California was $8.00 per hour, and it increased to $9.00 on that date; it increased to $10 per hour on January 1, 2016. Lab. Code § 1182.12.

58. Labor Code section 1194 creates a cause of action for employees to recover unpaid wages from an employer who fails to pay them at the legal minimum wage or overtime rate.

59. Labor Code section 1194.2 allows an employee to recover liquidated damages for a violation of Labor Code section 1194 as it pertains to unpaid minimum wages. "In any action under Section … 1194 … to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." Lab. Code § 1194.2, subd. (a).

60. Plaintiff seeks unpaid minimum wages and liquidated damages on behalf of himself and the putative class pursuant to Labor Code sections 1194, 1194.2, and 1197. Plaintiff's minimum wage claim stem from the fact that Defendants paid Plaintiffs and the putative class on a commission-only basis. This payment structure violates California's minimum wage laws. An employer must compensate its nonexempt employees at a rate of no less than the minimum wage for every hour worked in a pay period. *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 324 (2005). An employer cannot attribute commission wages paid in one pay period to other pay periods in order to satisfy California's compensation requirements. *Peabody v. Time Warner Cable, Inc.*, 59 Cal. 4th 662, 669 (2014) ("[P]ermitting wages paid in one pay period to be attributed to a different pay period would be inconsistent with the Labor Code.").

///

61.     Defendants violated California's minimum wage laws by not paying Plaintiffs and the putative class members for each of their ten-minute rest periods, which are required by California law. Employees are entitled to "a paid 10-minute rest period per four hours of work." *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, 871 (2013).  Under the rule of *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th at 323, rest periods must be separately compensated in a commissioned or piece-rate system. *Bluford*, 216 Cal. App. 4th at 872. "[A] piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law." *Id.*; *Balasanyan v. Nordstrom, Inc.*, 294 F.R.D. 550, 567 (S.D. Cal. 2013) (applying *Bluford* to commission-only pay structure). No exemptions to minimum wage requirements apply to Plaintiffs. Hence, Defendants were obligated to pay Plaintiffs and the putative class ten minutes of pay at a rate of no less than the minimum wage for each rest period Defendants provided. Defendants' failure to do so results in minimum wage liability, and Plaintiffs seek such amounts for unpaid minimum wages and liquidated damages for all unpaid rest periods.

62.     Plaintiffs seek all minimum wages owed to themselves and the putative class under the aforementioned theories. Plaintiffs also seek liquidated damages pursuant to Labor Code section 1194.2.

63.     Plaintiffs seek all attorney's fees and costs incurred and interest on all minimum wages owed. *See* Lab. Code §§ 218.6 and 1194, subd. (a).

64.     Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2."

65.     Pursuant to Labor Code section 1194, Plaintiff requests the Court to award Plaintiff's reasonable attorney's fees and costs incurred in this action. Plaintiff also requests all unpaid wages, liquidated damages, waiting-time penalties and interest. The exact amount of actual wages, and statutory interest thereon, and penalties owed will not be fully ascertained until discovery is completed. Until Defendants produce the necessary documents for an accounting, Plaintiff is unable to determine the exact amount of wages owed.

## SIXTH CAUSE OF ACTION

*Failure to Provide Legally Compliant Rest Periods*

**(Action Brought By Plaintiffs On Behalf Of Themselves**

**And The Putative Class Against All Defendants)**

62. Plaintiffs incorporate by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

63. Employees are entitled to "a paid 10-minute rest period per four hours of work." *Bluford*, 216 Cal. App. 4th at 871 (emphasis added); 8 Cal. Code Regs. § 11070, subd. 12(A).

64. "If an employer fails to provide an employee a … rest … period in accordance with a state law…, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the … rest … period is not provided." Lab. Code § 226.7(c).

65. By not paying Plaintiffs and the putative class for their rest periods, Defendants did not provide rest periods in accordance with California law. (*Vaquero v. Stoneledge Furniture LLC* (2017) 9 Cal.App.5th 98, 115, as modified (Mar. 20, 2017), review filed (Apr.10.2017).)  Plaintiffs therefore seeks one additional hour of pay at each employee's regular rate of compensation for each workday that such paid rest period was not so provided, pursuant to section 226.7.

66. Plaintiff seeks interest pursuant to law on all amounts owed for rest period premiums under section 226.7.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Class, pray for relief as follows:

**On the First Cause of Action**

1. For overtime and doubletime premium wages owed under California law according to proof;

2. For prejudgment interest pursuant to Labor Code sections 218.6 and 1194 and Civil Code sections 3288 and 3291 on all amounts claimed;

3. For attorney's fees and costs pursuant to Labor Code sections 218.5, 226, and 1194

**On the Second Cause of Action**

1. For statutory penalties, pursuant to law;

2. For reasonable attorneys' fees pursuant to statute;

3. For costs of suit; and

4. For any other and further relief that the Court considers just and proper.

**On the Third Cause of Action**

1. For an equitable order, ordering Defendants to pay all former and current employees all wages, interest, and penalties they are owed;

2. For an appointment of a receiver to perform an accounting of all monies owed to these employees;

3. For any and all injunctive relief this Court deems necessary pursuant to California Business and Professions Code section 17203; including an injunction ordering Defendants to begin paying overtime premiums to their Hospitality Territory Managers, Territory Managers, Territory Sales Managers and/or Territory Sales Representatives in California;

4. For a declaratory judgment declaring that Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

5. For prejudgment interest pursuant to California Civil Code section 3288 and section 3291 on all amounts claimed;

6. For leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

**On the Fourth Cause of Action**

1. For waiting-time penalties under Labor Code section 203;

2. For costs of suit;

3. For any other and further relief the Court considers just and proper;

4. For a declaratory judgment declaring that Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiffs and all others who are similarly

situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

5. For costs of suit; and

6. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**On the Fifth Cause of Action**

1. For wages owed according to proof;

2. For prejudgment interest pursuant to Labor Code section 218.6 and Civil Code sections 3288 and 3291 on all amounts claimed;

3. For liquidated damages in an amount equal to the unpaid minimum wages owed under Labor Code section 1194.2;

4. For attorney's fees and costs pursuant to Labor Code section 1194;

5. For costs of suit; and

6. For any other and further relief that the Court considers just and proper.

**On the Sixth Cause of Action**

1. For one additional hour of pay at each employee's regular rate of compensation for each workday that such paid rest period was not so provided, pursuant to Labor Code section 226.7.

2. For interest pursuant to law on all amounts owed for rest period premiums under section 226.7.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury in this matter.

COMPLAINT; DEMAND FOR JURY TRIAL

DATED: May 11, 2017                    HATHAWAY, PERRETT,  WEBSTER, POWERS, CHRISMAN & GUTIERREZ, APC

              By: _____
                 Alejandro Gutierrez, Esq.
                 Attorneys for Plaintiff and Others
                 Similarly Situated

DATED: May 11, 2017                    PALAY HEFELFINGER, APC .

              By: _____
                 DANIEL J. PALAY
                 BRIAN D. HEFELFINGER
                 Attorneys for Plaintiff and Others
                 Similarly Situated

DATED: May 11, 2017                    STRAUSS & STRAUSS, APC

              By: _____
                 Andrew Ellison
                 Attorneys for Plaintiff and Others
                 Similarly Situated

COMPLAINT; DEMAND FOR JURY TRIAL