JOHN A. YBARRA, *Pro Hac Vice*
jybarra@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, Illinois 60654
Telephone:  312.372.5520
Facsimile:  312. 372.7880

JODY A. LANDRY, Bar No. 125743
jlandry@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California  92101.3577
Telephone:  619.232.0441
Facsimile:  619.232.4302

Attorneys for Defendant
ECOLAB INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BANKWITZ, an individual, WILLIAM JACOBO, an individual, JOSHUA HERNANDEZ, and individual, <br><br> Plaintiffs, <br><br> v. <br><br> ECOLAB, INC., a Delaware Corporation; and DOES 1 through 100, inclusive, <br><br> Defendant. | Case No. 3:17-cv-02924-EMC <br><br> **DEFENDANT ECOLAB INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION/STAY** <br><br> Date:     September 21, 2017 <br> Time:     1:30 p.m. <br> Location: Courtroom 5 |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION/STAY

Case No. 3-17-CV-02924-EMC

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ........................................................................................................... 2

II. REPLY ARGUMENT ..................................................................................................... 2

    A. Ecolab's Arbitration Agreement Is Not Procedurally Unconscionable ................ 3

        1. The Fact That It Is An Adhesion Contract Is Unremarkable ..................... 3

        2. Incorporation Of AAA Rules By Reference Without Their Attachment Is Permissible ............................................................................................ 4

    B. Ecolab's Arbitration Agreement Is Not Substantively Unconscionable .............. 7

        1. Ecolab's Ability To Unilaterally Revoke The Agreement Is Permissible ................................................................................................ 7

        2. Plaintiffs' Repeat Player Argument Fails .................................................. 8

        3. The Agreement's Provision Regarding Fees Is Not Misleading ............... 9

        4. The Agreement Explicitly Does Not Require Pre-Litigation Resolution Efforts That Favor Ecolab ...................................................................... 10

    C. To The Extent Any Of The Agreement's Provisions Is Invalid, It Can Be Severed And The Agreement Enforced ............................................................. 10

    D. A Plaintiff's PAGA Claim Can Proceed Individually In Arbitration; Here Ecolab Only Requests It Be Stayed Pending Arbitration ..................................... 12

    E. The Case Should Be Stayed Given The Supreme Court's Pending Review Of A Dispositive Issue .............................................................................................. 12

III. CONCLUSION ............................................................................................................. 14

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*24 Hour Fitness, Inc. v. Superior Court,*
   66 Cal. App. 4th 1205 (1998) ................................................................................................3

*Alascom, Inc. v. ITT N. Elec. Co.,*
   727 F.2d 1419 (9th Cir. 1984), *abrogated on another ground as recognized by*
   *Abernathy v. S. Cal. Edison*, 885 F.2d 525 (9th Cir. 1989) ............................................13

*Ali v. J.P. Morgan Chase Bank, N.A.,*
   647 F. App'x 783 (9th Cir. 2016) .......................................................................................4, 7

*Archer v. TIC-The Indus. Co.,*
   No. CV 16-6649-GHK (SSX), 2016 WL 7635956 (C.D. Cal. Nov. 7, 2016) ..................9

*Armendariz v. Foundation Health Psychare Services, Inc.,*
   24 Cal. 4th 83 (2000) ................................................................................................................3

*AT&T Mobility LLC v. Concepcion,*
   563 U.S. 333, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011) ...........................................5, 11

*AT&T Mobility Servs., LLC v. NLRB,*
   Nos. 16-1099, 16-1159 (4th Cir. Feb. 2, 2017) ..............................................................13

*Attia v. Neiman Marcus Group,*
   No. SA CV 16-0504-DOC, 2016 WL 8902584 (C.D. Cal. June 27, 2016) ....................4

*Baltazar v. Forever 21, Inc.,*
   62 Cal. 4th 1237 (2016) .................................................................................................*passim*

*Bekele v. Lyft, Inc.,*
   No. 16-2109 (1st Cir. Mar. 16, 2017) ...............................................................................14

*Birbower, Montalbano, Condon & Frank v. Super. Ct,*
   17 Cal. 4th 119 (1998) ..........................................................................................................11

*Bloomingdale's, Inc. v. Vitolo,*
   No. 16-1110, 2017 WL 1001331 (June 19, 2017) ........................................................12

*Campos v. Ecolab Inc.,*
   No. 16-4829 (N.D. Cal. June 28, 2017), ECF No. 37 .......................................................2

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE(S)

*Cole v. Burns Int'l Sec. Servs.*,
105 F.3d 1465 (D.C. Cir. 1995) .................................................................................................. 8

*Coppernoll v. Hamcor, Inc.*,
No. C 16-05936 WHA, 2017 WL 446315 (N.D. Cal. Jan. 17, 2017) ........................................ 13

*Correa v. Firestone Complete Auto Care & Scott Bollengier*,
2013 U.S. Dist. LEXIS 169012, 2013 WL 6173651 (N.D. Cal. Nov. 25, 2013) ......................... 4

*Countrywide Fin. Corp. v. NLRB*,
Nos. 15-72700 and 15-73222 (9th Cir. Jan. 17, 2017) .............................................................. 13

*Craig v. Brown & Root, Inc.*,
84 Cal. App. 4th 416 (2000) ...................................................................................................... 10

*Da Loc Nguyen v. Applied Med. Res. Corp.*,
4 Cal. App. 5th 232, 254 (2016) ................................................................................................ 10

*Do v. CashCall, Inc.*,
No. SACV1301242JVSRNBX, 2013 WL 12116340 (C.D. Cal. Dec. 9, 2013) .......................... 5

*Drucker v. Siebel Sys.*,
2010 U.S. Dist. LEXIS 50978, 2010 WL 1758883 (N.D. Cal. 2010) ......................................... 9

*Fitz v. NCR Corp*,
118 Cal.App.4th 702 (2014) ........................................................................................................ 4

*Green Tree Fin. Corporation-Alabama v. Randolph*,
531 U.S. 79 (2000) ..................................................................................................................... 10

*Haynes Building Servs., LLC v. NLRB*,
Nos. 16- 1099, 16-1136 (D.C. Cir. Feb. 2, 2017) ..................................................................... 13

*Hoot Winc, LLC v. NLRB*,
Nos. 15-72839, 15-72931 (9th Cir. Jan. 17, 2017) .................................................................... 13

*Ingle v. Circuit City Stores, Inc.*,
328 F.3d 1165 (9th Cir. 2003) ................................................................................................. 3, 7

*Iskanian v. CLS Transportation, Inc.*,
59 Cal. 4th 348 (2014) ............................................................................................................ 3, 12

*Lane v. Francis Capital Mgmt. LLC*,
224 Cal. App. 4th 676 (2014) ................................................................................................... 5, 6

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE(S)

*Luafau v. Affiliated Computer Servs.*,
   2006 U.S. Dist. LEXIS 33048, 2006 WL 1320472 (N.D. Cal. 2006) .................................... 7

*Marathon Entm't, Inc. v. Blasi*,
   42 Cal. 4th 974 (2008) ........................................................................................................ 11

*In re Marriage of Facter*,
   212 Cal. App. 4th 967 (2013) ............................................................................................. 11

*McManus v. CIBC World Markets Corp.*,
   109 Cal. App. 4th 76, 134 Cal. Rptr. 2d 446 (2003) ............................................................ 8

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
   473 U.S. 614 (1985) .............................................................................................................. 8

*Molina v. Scandinavian Designs, Inc.*,
   2014 U.S. Dist. LEXIS 55863 (N.D. Cal. Apr. 21, 2014) .................................................... 5

*Morris v. Ernst & Young*,
   834 F.3d 975 (9th Cir. 2016) .................................................................................. 2, 13, 14

*Nagrampa v. MailCoups, Inc.*,
   469 F.3d 1257 (9th Cir. 2006) ............................................................................................. 8

*PacifiCare Health Sys., Inc. v. Book*,
   538 U.S. 401 (2003) ............................................................................................................ 10

*Peng v. First Republic Bank*,
   219 Cal. App. 4th 1462 (2013) ............................................................................................. 5

*Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*,
   55 Cal. 4th 223 (2012) ..................................................................................................... 2, 5

*Poublon v. C.H. Robinson Co.*,
   846 F.3d 1251 (2017) .............................................................................................. 2, 3, 4, 9

*Price-Simms, Inc. v. NLRB*,
   Nos. 15-1457, 16-1010 (D.C. Cir. Jan. 23, 2017) .............................................................. 13

*Sakkab v. Luxottica Retail N. Am., Inc.*,
   803 F.3d 425 (9th Cir. 2015) ............................................................................................. 12

*Serafin v. Balco Properties Ltd., LLC*,
   235 Cal. App. 4th 165 (2015) .......................................................................................... 3, 4

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

# TABLE OF AUTHORITIES
## (CONTINUED)

**PAGE(S)**

*Spellman v. Securities, Annuities and Ins. Svcs., Inc.*,
   8 Cal.App.4th 452 (1992) .................................................................................................5

*Tompkins v. 23andMe, Inc.*,
   840 F.3d 1016 (9th Cir. 2016) ..........................................................................................7

*Ulbrich v. Overstock.com, Inc.*,
   887 F. Supp. 2d 924 (N.D. Cal. Aug. 15, 2012) ...............................................................5

*Valdez v. Terminix Int'l Co. Ltd. P'ship*,
   2017 WL 836085 (9th Cir. Mar. 3, 2017) ......................................................................12

*Valle v. Lowe's HIW, Inc.*,
   No. 11-1489-SC, 2012 U.S. Dist. LEXIS 123846, 2012 WL 4466523 (N.D. Cal. 2012) ...............................................................................................................................12

*Vargas v. Delivery Outsourcing, LLC*,
   2016 U.S. Dist. LEXIS 32634, 2016 WL 946112 (N.D. Cal. 2016) .................................5

*Villarreal v. Perfection Pet Foods, LLC*,
   2017 U.S. Dist. LEXIS 54643 (E.D. Cal. Apr. 10, 2017) ...............................................12

*Wilson v. United Health Grp., Inc.*,
   2012 WL 6088318 (E.D. Cal. Dec. 6, 2012) ....................................................................6

*Wolschlager v. Fidelity Nat'l Ins. Co.*,
   111 Cal.App.4th 784 (2003) .............................................................................................5

*Zaborowski v. MHN Gov't Servs., Inc.*,
   No. C 12-05109 SI, 2013 WL 1832638 (N.D. Cal. May 1, 2013) .................................13

**Statutes**

Cal. Civ. Code § 1599 ..............................................................................................................11

Cal. Civ. Code § 1670.5 ...........................................................................................................11

**Other Authorities**

AAA Rules p. 15 available at
   https://adr.org/sites/default/files/Employment%20Rules.pdf .........................................6

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

## I.     INTRODUCTION

It is undisputed that Plaintiffs executed a contract with Ecolab to arbitrate their employment claims against it. Plaintiffs do not contest they executed this contract, or that it covers their claims asserted in this lawsuit. Instead, Plaintiffs attempt to invalidate the Parties' Agreement by making a variety of unavailing arguments to show unconscionability. However, while Plaintiffs jeer at Ecolab for being entirely upfront about the challenge to the Agreement's class action waiver under *Morris v. Ernst & Young*, 834 F.3d 975 (9th Cir. 2016), Plaintiffs, in turn, fail to address dispositive controlling case law defeating the attacks they make here on the Parties' Arbitration Agreement. The Ninth Circuit's decision in *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251 (2017), the California Supreme Court's decision in *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237 (2016), and other recent case law, all summarily dispense with the issues Plaintiffs raise here.

Setting aside the issue of the class and collective action waiver, the Parties' Arbitration Agreement is wholly valid and enforceable. Furthermore it is appropriate to stay these proceedings until the United States Supreme Court decides the class and collective action waiver issue in its upcoming term.  Even Plaintiffs' counsel has acknowledged, in another case against Ecolab, the "substantial risk that the United States Supreme Court would reverse the Ninth Circuit's ban on class action waivers in *Morris*." *See* Landry Decl., ¶ 2, Exh. 1. (Not. of Mot. & Unopposed Mot. for Final Approval of Class Action Settlement, *Campos v. Ecolab Inc.*, No. 16-4829 (N.D. Cal. June 28, 2017), ECF No. 37 at 10).

## II.     REPLY ARGUMENT

Plaintiffs must prove their defense of unconscionability. *Poublon*, 846 F.3d at 1260 (citing *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012)). To do so, they "must demonstrate that the Agreement as a whole or a specific clause in it is **both** procedurally and substantively unconscionable." *Id.* (citation omitted) (emphasis added). "Procedural" unconscionability focuses on "oppression" or "surprise" arising due to unequal bargaining power between the parties. *Id.* (citation omitted). "Substantive" unconscionability focuses on "overly harsh" or "one sided" results. *Id.* (citation omitted). *Poublon* explains that "the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION/STAY     2.     Case No. 3-17-CV-02924-EMC

unconscionability doctrine is concerned not with a simple old-fashioned bad bargain but with terms that are unreasonably favorable to the more powerful party." *Id.* at 1261 (citation omitted). Plaintiffs have not presented evidence that the terms of the Arbitration Agreement are unreasonably favorable to Ecolab. Rather, the terms are consistent with terms courts routinely approve.

A.  Ecolab's Arbitration Agreement Is <u>Not</u> Procedurally Unconscionable.

1.  The Fact That It Is An Adhesion Contract Is Unremarkable

Plaintiffs spend much time arguing the Arbitration Agreement is an adhesion contract, and therefore procedurally unconscionable. However, the Ninth Circuit recently reiterated in *Poublon* there is no rule that an adhesion contract is *per se* unconscionable, but rather, "the adhesive nature of a contract, without more, would give rise to a low degree of procedural unconscionability at most." 846 F.3d at 1261–62 (citing *Baltazar v. Forever 21, Inc.*, 62 Cal.4th 1237, 1245, 200 Cal.Rptr.3d 7, 367 P.3d 6 (2016)). The court must consider whether "other indications of oppression or surprise [exist] that would lead California courts to conclude that the degree of procedural unconscionability is high." *Id.* at 1262.

There are no such indications of oppression or surprise here. Ecolab rolled out its new Ecolab Associate Resolution Resources ("EARR") program company wide, offering numerous communications explaining the program and the arbitration agreement to employees. *See* Dkt. 21-1, Company Decl. ¶¶ 2-11, Exs. 1-4, 6. Plaintiffs complain of having only two weeks to review the Agreement, but the time to review an agreement is *"irrelevant." See Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1172 (9th Cir. 2003).

Further, despite Plaintiffs' overstatements to the contrary, mandatory pre-dispute arbitration agreements are enforceable, notwithstanding the low degree of procedural unconscionability. *See Iskanian v. CLS Transportation, Inc.*, 59 Cal. 4th 348, 391 (2014); *24 Hour Fitness, Inc. v. Superior Court*, 66 Cal. App. 4th 1205, 1212-1213 (1998). An employer may require an arbitration agreement as a condition of employment. *See, e.g. Armendariz v. Foundation Health Psychare Services, Inc.*, 24 Cal. 4th 83, 96 (2000); *Serafin v. Balco Properties Ltd., LLC*, 235 Cal. App. 4th 165, 179 (2015) ("the fact that the arbitration agreement is an adhesion contract does not render it automatically

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION/STAY        3.        Case No. 3-17-CV-02924-EMC

unenforceable as unconscionable. Courts have consistently held that the requirement to enter into an arbitration agreement is not a bar to its enforcement.") (citations omitted)[1]; *Poublon*, 846 F.3d at 1263 (plaintiff's argument of unconscionability would fail even if she had presented evidence that signing arbitration agreement was a condition of her employment).

Plaintiffs set forth no actual facts that would support any elevated procedural unconscionability sufficient to invalidate the Agreement. Instead they make only conclusory statements parroting legal standards. Plaintiffs were not specifically targeted with the Arbitration Agreement; it was rolled out company wide. *See* Dkt. 21-1, Company Decl. ¶¶ 2-11. The law is settled that requiring an arbitration agreement as a condition of employment is only ***minimally*** procedurally unconscionable. *See Correa v. Firestone Complete Auto Care & Scott Bollengier*, 2013 U.S. Dist. LEXIS 169012, *6-11, 2013 WL 6173651 (N.D. Cal. Nov. 25, 2013) (compelling arbitration because requiring an arbitration agreement as a condition of employment is only minimally procedurally unconscionable); *Ali v. J.P. Morgan Chase Bank, N.A.*, 647 F. App'x 783, 786 (9th Cir. 2016).[2]

### 2. Incorporation Of AAA Rules By Reference Without Their Attachment Is Permissible

Plaintiffs' argument that Ecolab "egregiously" failed to attach the American Arbitration Association rules to the Arbitration Agreement is also a non-starter. In *Poublon*, the Court of Appeals specifically rejected this same argument. 846 F. 3d at 1262 (incorporation of the AAA rules by reference in employee's arbitration agreement did not support claim that the dispute resolution provision was oppressive). Indeed, the cases Plaintiffs rely upon for this argument were abrogated by the California Supreme Court in *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237 (2016). *Poublon*, 846

---

[1] *Serafin* also explains that where the arbitration provisions presented in a contract of adhesion are highlighted for the employee, any procedural unconscionability is "limited." 235 Cal. App. 4th at 179 (approving an agreement where the arbitration provisions were highlighted in a two-page, freestanding document relating solely to arbitration, which the plaintiff received and signed).

[2] Elevated procedural unconscionability has been found where an arbitration agreement contained provisions not found here. *See, e.g., Attia v. Neiman Marcus Group,* No. SA CV 16-0504-DOC (FFMx), 2016 WL 8902584, *6 (C.D. Cal. June 27, 2016) (choice of law provision specified a foreign law applied); *Fitz v. NCR Corp*, 118 Cal.App.4th 702 (2014) (arbitration agreement contained provision replacing the AAA's discovery provision with a more restrictive one).

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION/STAY 4. Case No. 3-17-CV-02924-EMC

1  F.3d at 1262. *Baltazar* explicitly disapproved of the rulings in the cases relied upon by Plaintiffs
2  (*Trivedi, Harper, and Fitz*). 62 Cal. 4th at 1246.[3]

3  Plaintiffs' claim that incorporated arbitration rules must be attached to avoid procedural
4  unconscionability has been consistently rejected and "is insufficient grounds to support a finding of
5  procedural unconscionability." *Peng v. First Republic Bank*, 219 Cal. App. 4th 1462, 1471 (2013)
6  (unnecessary to attach AAA rules to produce an enforceable agreement); *Molina v. Scandinavian
7  Designs, Inc.*, 2014 U.S. Dist. LEXIS 55863, *22 (N.D. Cal. Apr. 21, 2014) (same); *Vargas v.
8  Delivery Outsourcing, LLC*, 2016 U.S. Dist. LEXIS 32634, *29, 2016 WL 946112 (N.D. Cal. 2016)
9  (same) *Do v. CashCall, Inc.*, No. SACV1301242JVSRNBX, 2013 WL 12116340, at *6 (C.D. Cal.
10 Dec. 9, 2013) (same).

11 Lest there be any doubt, incorporation by reference of the AAA rules is consistent with
12 California contract law, which permits incorporation of documents into contracts (including
13 arbitration agreements) by reference. *Wolschlager v. Fidelity Nat'l Ins. Co.*, 111 Cal.App.4th 784,
14 790 (2003) ("'A contract may validly include the provisions of a document not physically a part of
15 the basic contract . . . It is, of course, the law that the parties may incorporate by reference into their
16 contract the terms of some other document.'"); *Spellman v. Securities, Annuities and Ins. Svcs., Inc.*,
17 8 Cal.App.4th 452, 457 (1992). Failure to allow arbitration agreements to incorporate the easily
18 locatable AAA Rules would violate the FAA, as it would discriminate against arbitration
19 agreements. *Concepcion*, 131 S.Ct. at 1747 (courts must not attach any unique unconscionability
20 requirements to arbitration agreements that would not apply to other contracts); *Ulbrich v.
21 Overstock.com, Inc.*, 887 F. Supp. 2d 924, 932-33 (N.D. Cal. Aug. 15, 2012) (noting violation of
22 Concepcion that would follow such a rule); *Do v. CashCall*, 2013 WL 12116340, at *6 (same);
23 *Pinnacle*, 55 Cal.4th at 245 ("[T]he FAA precludes judicial invalidation of an arbitration clause
24 based on state law requirements that are not generally applicable to other contractual clauses.").

25 The Agreement plainly identifies the AAA's website to locate the AAA rules incorporated
26 into it. *See* Dkt. 21-1, Ex. 5, Arbitration Agreement at p. 3. The AAA rules are readily available on

---

[3] The other cases relied upon by Plaintiffs for this point (*Zullo* and *Lane v. Francis Cap. Mgmt. LLC*, 224 Cal. App. 4th 676(2014)) in turn, relied on these disapproved cases.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION/STAY          5.          Case No. 3-17-CV-02924-EMC

the AAA's website. Plaintiffs admits they were given two weeks in which to review the Arbitration Agreement. It does not follow that this was insufficient time to access the AAA's website and read the rules. Numerous courts have rejected that argument. *See, e.g., Lane v. Francis Capital Mgmt. LLC*, 224 Cal. App. 4th 676, 691-92 (2014) ("[W]e conclude the failure to attach a copy of the AAA rules did not render the agreement procedurally unconscionable. There could be no surprise, as the arbitration rules referenced in the agreement were easily accessible to the parties — the AAA rules are available on the Internet."); *Wilson v. United Health Grp., Inc.*, 2012 WL 6088318, at *4 (E.D. Cal. Dec. 6, 2012) (finding no procedural unconscionability; "the AAA Rules are readily available on AAA's website"). Plaintiffs attempt to create a caveat to these cases' holdings based on unidentified education levels, but they do not contend, for instance, that they cannot search the internet.

Instead, authorities establish that to show procedural unconscionability, the AAA rules themselves must contain some objectionable provision so as to be substantively unconscionable. *Baltazar*, 62 Cal. 4th at 1246.[4] Plaintiffs do not argue they do; and they do not. *See Lucas*, 450 F. Supp. 2d at 1131 (finding, e.g., that the AAA rules do not limit remedies available so as to support unconscionability). Rather, Plaintiffs contend they did not know which version of the AAA rules apply. Setting aside that this argument implies they looked at the AAA rules contemporaneously with signing the Arbitration Agreement (and thus there is no "surprise"), the *Lucas* court rejected this argument, because the AAA rules specifically state that the current version in place applies to a demand for arbitration: "These rules, and any amendment of them, shall apply in the form in effect at the time the demand for arbitration or submission is received by the AAA." *Id.* at 1132; *see also* AAA Rules p. 15, available at https://adr.org/sites/default/files/Employment%20Rules.pdf

---

[4] *Baltazar* explained that "to have force" an argument that failure to attach arbitration rules makes the agreement procedurally unconscionable must include an assertion that the failure to attach was a means to "artfully hide" substantively unconscionable terms. Plaintiffs do not even advance that argument (nor could they).

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION/STAY     6.     Case No. 3-17-CV-02924-EMC

**B.    Ecolab's Arbitration Agreement Is <u>Not</u> Substantively Unconscionable**

Because the Arbitration Agreement is not procedurally unconscionable, the Arbitration Agreement must be enforced. However, even if it were procedurally unconscionable, the Arbitration Agreement is still enforceable because it is not substantively unconscionable.

**1.    Ecolab's Ability To Unilaterally Revoke The Agreement Is Permissible**

As Plaintiffs acknowledge, the Arbitration Agreement specifies Ecolab must give at least thirty (30) days notice of its termination, but also that this provision does not apply to any matters that have already arisen. That second fact alone renders the unilateral revocation provision Plaintiffs complain of inapplicable to them, as they do not contend that Ecolab has given such notice, and they have already raised a dispute by filing this lawsuit, so Ecolab's ability to revoke is inapplicable to them. Therefore, their arguments in this respect are irrelevant. Regardless, Plaintiffs' argument that a unilateral revocation clause renders an agreement substantively unconscionable has been rejected. Though Plaintiffs rely on *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165 (9th Cir. 2003), however the Ninth Circuit Court of Appeals has since clarified that *Ingle* does not extend as far as Plaintiffs would have it: "Although we have held that a unilateral modification provision itself *may* be unconscionable, ... we have not held that such an unconscionable provision makes the arbitration provision or the contract as a whole unenforceable." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1033 (9th Cir. 2016) (citing *Ingle*, 328 F.3d at 1179) (emphasis added). In *Ali v. J.P. Morgan Chase Bank, N.A.*, the Ninth Circuit Court of Appeals reiterated this point, noting that a unilateral modification clause does not render an agreement unconscionable because it is still subject to "the fundamental limit ... imposed by the covenant of good faith and fair dealing implied in every contract." 647 F. App'x 783, 786 (9th Cir. 2016) (quoting *Serpa v. Cal. Sur. Investigations, Inc.*, 215 Cal.App.4th 695, 155 Cal.Rptr.3d 506, 514 (2013)).

In *Luafau v. Affiliated Computer Servs.*, 2006 U.S. Dist. LEXIS 33048, *15-16, 2006 WL 1320472 (N.D. Cal. 2006), the court held that an arbitration agreement allowing the employer the right to modify or terminate the agreement with only ten days of advance notice, which did not apply to disputes pending prior to the modification or revocation, was not substantively unconscionable.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION/STAY            7.            Case No. 3-17-CV-02924-EMC

Likewise, containing similar provisions, the Arbitration Agreement is not substantively unconscionable.

### 2. Plaintiffs' Repeat Player Argument Fails

Though Plaintiffs do not label their argument regarding the alleged lack of neutrality of the AAA as such, they are simply making a "repeat player effect" argument steadfastly rejected in this context. "California courts have uniformly concluded that the AAA provides a neutral forum for dispute resolution." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1302 (9th Cir. 2006) (O'Scannlain, J., concurring in pertinent part). "[T]he AAA is widely regarded as a neutral arbitrator." *Id.* at 1285 (en banc). "[M]erely raising the 'repeat player effect' claim, without presenting more particularized evidence demonstrating impartiality, is insufficient under California law to support an unconscionability finding." *Id.* at 1285 (9th Cir. 2006).

Plaintiffs have not provided such particularized evidence. Rather, Plaintiffs' "evidence" – that nine employees nationwide have initiated demands against Ecolab to the AAA in the past two years – fails to demonstrate impartiality by the AAA. On the contrary, the Agreement provides for the *joint* selection of a neutral arbitrator from a panel. (AAA Employment Rules and Mediation Procedures, Rules 12).[5] Proposed arbitrators must disclose whether they have a connection to either party. (*Id.*). This selection process prevents bias toward a party. Established arbitration agencies like AAA mitigate against any "repeat player" effect. *See Cole v. Burns Int'l Sec. Servs.*, 105 F.3d 1465, 1485 (D.C. Cir. 1995). Plaintiffs' argument that they are unfamiliar with the AAA could just as easily be said about their familiarity with the court system – it gets them nowhere. The same can be said for Plaintiffs' claim that being forced to arbitrate with an AAA arbitrator "places them in an inferior bargaining position." Plaintiffs' arguments in this respect runs afoul of the U.S. Supreme Court's prohibition of judicial suspicion about the competency of arbitral tribunals. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626-627 (1985).

In sum, there is no merit to Plaintiffs' claim of lack of a neutral arbitrator, or substantive unconscionability. *See McManus v. CIBC World Markets Corp.*, 109 Cal. App. 4th 76, 94–95, 134

---

[5] These rules can be found on the Intranet at www.adr.org and clicking on the Employment Arbitration Rules.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION/STAY     8.     Case No. 3-17-CV-02924-EMC

Cal. Rptr. 2d 446 (2003) (no substantive unconscionability where employees allowed to participate in arbitrator selection process and arbitrators must disclose any financial or personal interest in the outcome of the dispute); *Drucker v. Siebel Sys.*, 2010 U.S. Dist. LEXIS 50978, *13, 2010 WL 1758883 (N.D. Cal. 2010) ("Plaintiff has failed to present particular evidence of bias, and his sweeping and general allegations cannot support a finding that the arbitration agreement should not be enforced due to impartiality."); *Archer v. TIC-The Indus. Co.*, No. CV 16-6649-GHK (SSX), 2016 WL 7635956, at *6 (C.D. Cal. Nov. 7, 2016) ("We find no merit in Plaintiff's argument that the AAA will be biased towards Defendants.").

### 3. The Agreement's Provision Regarding Fees Is Not Misleading

The Arbitration Agreement states that "subject to Paragraph B(4)," each side pays its own legal fees and expenses, except that Ecolab will pay $500 toward an employee's legal expenses, regardless of whether the employee is the prevailing party at arbitration. In other words, even if the employee loses the arbitration, and is not entitled to attorneys' fees as a prevailing party under a particular statute, Ecolab will *still* pay $500 to the employee's attorney. Paragraph B(4), "Scope of Relief" in turn, states:

> The "arbitrator shall have the authority to award any damages, including compensatory damages, punitive or exemplary damages and injunctive relief to the extent permitted by law. . . .If, under applicable federal, state or local law, the prevailing party would be entitled to an award of attorney's fees and costs, the arbitrator may award such fees and costs. [Agreement, p. 3]

There is nothing misleading about these provisions, and nothing that "suggests" Plaintiffs will be impermissibly liable for attorneys' fees. Rather, Plaintiffs advance a frivolous argument, with no actual evidence, that the $500 benefit Ecolab provides, with no obligation it do so, evinces unconscionability. But the Arbitration Agreement is clear there is no impermissible fee shifting and the arbitrator must comply with the law regarding available damages. There is no unconscionability here. *Cf. Poublon*, 846 F.3d at 1268 (no substantive unconscionability where the arbitration procedure required the arbitrator to comply with applicable California law).[6]

---

[6] To the extent Plaintiffs again rely on *Trivedi*, 189 Cal. App. 4th at 395, not only has the holding of the case been abrogated, but the factual circumstances weighing on the court's decision there are not present here.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION/STAY     9.     Case No. 3-17-CV-02924-EMC

The holding in *Craig v. Brown & Root, Inc.*, 84 Cal. App. 4th 416, 422–23 (2000) firmly illustrates the propriety of this Agreement. There, an arbitration agreement was permissible where it: required the employee to pay a $50 fee (which this Agreement does not even require); provided that employees with a lawyer involved could receive up to $2,500 from the employer for that purpose (Ecolab provides $500); specified that all remedies available in court were available in arbitration (same here); and the arbitrator must issue a written award subject to judicial review (same here).

It would also be improper for the Court to speculate, as Plaintiffs propose, that an arbitrator would make orders not in compliance with California law as to render the Agreement unconscionable. *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 405-407 (2003) (compelling arbitration even with an ambiguous arbitration agreement that restricted punitive damages). The Court's obligation is just the opposite – to interpret arbitration provisions in a manner that renders them lawful (if at all possible). *Pearson Dental Supplies*, 48 Cal. 4th at 682. "The 'risk' that [a plaintiff] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement." *Green Tree Fin. Corporation-Alabama v. Randolph*, 531 U.S. 79, 91 (2000).

4. **The Agreement Explicitly Does Not Require Pre-Litigation Resolution Efforts That Favor Ecolab**

There is no merit to Plaintiffs' contention that by promoting – ***not requiring*** – pre-dispute resolution of issues through an employee's manager or Human Resources, the Arbitration Agreement is substantively unconscionable. *See Da Loc Nguyen v. Applied Med. Res. Corp.*, 4 Cal. App. 5th 232, 254 (2016) (no substantive unconscionability where provision did not "require" disputes be resolved through "informal internal resolution").

**C. To The Extent Any Of The Agreement's Provisions Is Invalid, It Can Be Severed And The Agreement Enforced.**

The Arbitration Agreement contains a severability clause. *See* Dkt. 21-1, Ex. 5, Agreement, at ¶ 8 ("The terms of the Agreement are severable. The invalidity or unenforceability of any provision in the Agreement shall not affect the application of any other provision.").

---

Indeed, Plaintiffs discuss *Trivedi* but provide no actual application of its reasoning to the facts at hand so as to make that decision relevant.

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION/STAY   10.   Case No. 3-17-CV-02924-EMC

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

California law generally prohibits a court from voiding a contract unless the entire purpose of the contract is unlawful. If contract provisions are deemed unlawful or unconscionable, California law usually requires the court to sever the offending clauses and enforce the remainder. This rule is codified by statute: "Where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful, in whole or in part, the contract is void as to the latter and valid as to the rest." Cal. Civ. Code § 1599; see also Cal. Civ. Code § 1670.5. California courts have noted that the preference for severance applies even "when the parties have contracted, in part, for something illegal." *Marathon Entm't, Inc. v. Blasi*, 42 Cal. 4th 974, 991 (2008). "Notwithstanding any such illegality," the California rule, "preserves and enforces any lawful portion of a parties' contract that feasibly may be severed." *Id.* Only "[i]f the court is unable to distinguish between the lawful and unlawful parts of the agreement" may the court invalidate the entire contract. *Birbower, Montalbano, Condon & Frank v. Super. Ct*, 17 Cal. 4th 119, 138 (1998). That is, severance is appropriate unless "the central purpose of the contract is tainted with illegality." *Marathon*, 42 Cal. 4th at 996 (citation omitted).

Outside of the arbitration context, "California cases take a very liberal view of severability, enforcing valid parts of an apparently indivisible contract where the interests of justice or the policy of the law would be furthered." *In re Marriage of Facter*, 212 Cal. App. 4th 967, 987 (2013) (quoting *Adair v. Stockton Unified Sch. Dist.*, 162 Cal. App. 4th 1436, 1450 (2008)). The FAA requires courts to "place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011) (internal citation omitted).

Plaintiffs ask this Court to ignore this high bar, and jump to the conclusion that the Arbitration Agreement is so tainted that it should be wholly invalidated. Given that Plaintiffs have failed to show that any provision of the Arbitration Agreement is invalid on unconscionability grounds, they have not shown that it is so tainted as to prevent the Court from severing any invalid provision. Therefore, setting aside the issue of the class and collective action waiver, to the extent the Court finds any provision unconscionable, the Court should sever any such provision and enforce the Agreement without that provision included.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION/STAY     11.     Case No. 3-17-CV-02924-EMC

Contrary to Plaintiffs' understanding, Ecolab has requested that any unlawful portions be severed and the individual claims be ordered to arbitration, namely the waiver of the PAGA representative action. See Dkt. 21, pp. 13-14.

### D. A Plaintiff's PAGA Claim Can Proceed Individually In Arbitration; Here Ecolab Only Requests It Be Stayed Pending Arbitration[7]

Plaintiff contends that Plaintiff's PAGA claim can only be brought representationally, and not individually in arbitration. That is not true. The Ninth Circuit has made it clear that PAGA claims can be brought individually, and compelled to arbitration. *Valdez v. Terminix Int'l Co. Ltd. P'ship*, 2017 WL 836085, at *1 (9th Cir. Mar. 3, 2017) ("[*Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal.4th 348, 173 Cal.Rptr.3d 289, 327 P.3d 129 (2014) ] and [*Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015)] clearly contemplate that an individual employee can pursue a PAGA claim in arbitration, and thus that individual employees can bind the state to an arbitral forum."); *Villarreal v. Perfection Pet Foods, LLC*, 2017 U.S. Dist. LEXIS 54643, *5 (E.D. Cal. Apr. 10, 2017) ("issue concerning the arbitability of the PAGA claim was resolved when Plaintiff conceded that current Ninth Circuit case law indicates that PAGA claims are arbitrable."). *See also Valle v. Lowe's HIW, Inc.*, No. 11-1489-SC, 2012 U.S. Dist. LEXIS 123846, 2012 WL 4466523, at *2, 3 (N.D. Cal. 2012) (upholding arbitrator's decision to dismiss Plaintiff's representative PAGA claims but permitting him to arbitrate his PAGA claims on an individual basis).

In any event, it is Ecolab position, as noted below in footnote 7, that Plaintiffs' PAGA claims should be stayed pending the outcome of the individual arbitration of their claims.

### E. The Case Should Be Stayed Given The Supreme Court's Pending Review Of A Dispositive Issue

The critical issue as regarding the class and collective action waiver is pending before the Supreme Court. The Supreme Court will hear argument on the issue on October 2, 2017.

---

[7] The Supreme Court denied review of whether the *Iskanian/Sakkab* representative PAGA action waiver is valid. *Bloomingdale's, Inc. v. Vitolo*, No. 16-1110, 2017 WL 1001331, at *1 (June 19, 2017). Regardless, Ecolab does not waive its argument that the representative action waiver in the Agreement is valid, but maintains that the PAGA representative claim should be stayed pending individual arbitration of Plaintiffs' non-PAGA claims.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION/STAY     12.     Case No. 3-17-CV-02924-EMC

Moreover, the U.S. Department of Justice has recently reconsidered its position on class action waivers in employment agreements, and submitted to the Supreme Court its position that agreements between employers and their workers to bilaterally arbitrate any employment-related claims must be enforced under the Federal Arbitration Act and cannot be precluded by the National Labor Relations Act. *Ernst & Young v. Morris*, Consolidated Nos. 16-285, 16-300, 16-307, 2017 WL 2665007 (June 16, 2017).

This development further weighs in favor of a stay. Ecolab will be prejudiced if the Parties' Agreement is not enforced, and it will have to litigate Plaintiffs' claims in a forum it should not be required to, and on a class-wide basis, which Plaintiffs agreed to waive.[8] There is no reason for the Parties to proceed with class discovery in this case when it may well be for naught if the Supreme Court reverses *Morris*. The better course is to stay the case and await the Supreme Court's decision.[9]

Likely for similar reasons, the First, Fourth, Ninth, and D.C. Circuits have all recently put on hold pending cases that present the class action waiver in arbitration issue. *See* Order, *AT&T Mobility Servs., LLC v. NLRB*, Nos. 16-1099, 16- 1159 (4th Cir. Feb. 2, 2017) (placing case in abeyance pending Supreme Court decision); Order, *Hoot Winc, LLC v. NLRB*, Nos. 15-72839, 15-72931 (9th Cir. Jan. 17, 2017) (deferring submission of the appeal pending Supreme Court decision and vacating scheduled oral argument); Order, *Countrywide Fin. Corp. v. NLRB*, Nos. 15-72700 and 15-73222 (9th Cir. Jan. 17, 2017) (same); Order, *Price-Simms, Inc. v. NLRB*, Nos. 15-1457, 16-1010 (D.C. Cir. Jan. 23, 2017) (per curiam) (removing case from oral argument calendar and ordering it held in abeyance pending Supreme Court decision); Order, *Haynes Building Servs., LLC v. NLRB*, Nos. 16- 1099, 16-1136 (D.C. Cir. Feb. 2, 2017) (holding case in abeyance pending Supreme Court

---

[8] A party to an arbitration agreement who may not arbitrate "is deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes." *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984), *abrogated on another ground as recognized by Abernathy v. S. Cal. Edison*, 885 F.2d 525, 527-28 (9th Cir. 1989). The chief "advantages of arbitration—speed and economy—are lost *forever*." *Id.* (emphasis added). A defendant must participate in the harm it negotiated to avoid: litigation in court. *See, e.g., Zaborowski v. MHN Gov't Servs., Inc.*, No. C 12-05109 SI, 2013 WL 1832638, at *2 (N.D. Cal. May 1, 2013) ("arbitration is unique" because cost of court litigation constitutes irreparable harm).

[9] Plaintiffs elsewhere cite to *Coppernoll v. Hamcor, Inc.*, No. C 16-05936 WHA, 2017 WL 446315 (N.D. Cal. Jan. 17, 2017), where the court denied a stay pending *Morris,* but held that the only discovery to proceed was as to facts and circumstances applicable to the individual plaintiff and not discovery pertaining chiefly to class issues.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION/STAY          13.          Case No. 3-17-CV-02924-EMC

decision); Order, *Bekele v. Lyft, Inc.*, No. 16-2109 (1st Cir. Mar. 16, 2017) (granting stay and holding case in abeyance pending Supreme Court decision).

And importantly, as noted above, Plaintiffs' own counsel recently admitted in another case against Ecolab that there is a substantial likelihood that the Supreme Court will reverse the *Morris* decision. *See* Landry Decl., ¶ 2, Exh. 1.

Granting a stay will not prejudice Plaintiffs or the alleged putative class. The claims of the California putative class are preserved by the filing of the lawsuit. Thus a stay will not prejudice them in any way. Plaintiffs also argue that granting the stay will harm the "FLSA class members" (Dkt. No. 23, p. 21). However, this argument is baseless as there is no FLSA claim in the First Amended Complaint (Dkt. No. 17). Since the Supreme Court will rule on the validity of the arbitration agreement issue this coming term, the validity of the arbitration agreement will be determined in the near future. Not granting the stay will cause irreparable harm to Ecolab for the reasons explained elsewhere in this reply brief and in Ecolab's opening brief.

### III. CONCLUSION

For the reasons stated in Defendant's Motion and this Reply, Ecolab requests the Court strike the class and collective action claims, stay Plaintiffs' representative PAGA claim, and compel arbitration of Plaintiffs' individual claims, or, alternatively, to stay proceedings pending the United States Supreme Court's decision in *Morris* and related cases.

Dated: August 28, 2017

/s/ *Jody A. Landry*
JODY A. LANDRY
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ECOLAB INC.

Firmwide:149621585.1 057118.1196

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION/STAY   14.   Case No. 3-17-CV-02924-EMC