1 ALEJANDRO P. GUTIERREZ, Bar No. 107688
agutierrez@hathawaylawfirm.com
2 HATHAWAY, PERRETT, WEBSTER,
POWERS, CHRISMAN & GUTIERREZ, APC
3 5450 Telegraph Road, Suite 200
Ventura, CA 93006-3577
4 Tel: 805.644.7111 │ Fax: 805.644.8296

5 DANIEL J. PALAY, Bar No.159348
djp@calemploymentcounsel.com
6 Brian D. Hefelfinger, Bar No. 253054
bdh@calemploymentcounsel.com
7 PALAY HEFELFINGER, APC
1484 E. Main Street, Suite 105-B
8 Ventura, CA 93001
Tel: 805.628.8220 │ Fax: 805.765.8600

Attorneys for Plaintiffs and the Putative Class

JODY A. LANDRY, Bar No. 125743
jlandry@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101.3577
Tel: 619.232.0441 │ Fax: 619.232.4302

Attorneys for Defendant Ecolab Inc.

*For All Other Attorneys, Please See Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BANKWITZ, an individual, WILLIAM JACOBO, an individual, JOSHUA HERNANDEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ECOLAB, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:17-cv-02924-EMC<br>MODIFIED<br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs Robert Bankwitz, William Jacobo, and Joshua Hernandez ("Plaintiffs") and Defendant Ecolab, Inc. ("Defendant"), by and through their respective counsel of record, submit this stipulation for a protective order and agree to the following:

**Good Cause Statement**

1. Plaintiffs' allegations may require disclosure of private and/or confidential information regarding Defendant's current and/or former employees, including contact information. In addition, the parties expect that Plaintiffs may request and Defendant may need to produce confidential business information involving Defendant's business policies and practices that would likely cause significant harm to Defendant if made available or accessible publicly or to Defendant's competitors. Good cause therefore exists for the issuance of this protective order, as the protective order will allow the parties to engage in discovery in this lawsuit while providing a means for limiting access to, and disclosure of, private, confidential and/or trade secret information. The purpose of this protective order is to protect the confidentiality of such materials as much as practicable during the litigation.

**Definitions And Designation**

2. "Confidential Information" means any information contained in any paper, document, database, spreadsheet, video recording, audio recording, electronic record or any other electronic or hard copy format received in this action that is stamped with a "Confidential" designation. Confidential Information may include, but is not limited to: (a) confidential or sensitive company proprietary business information and (b) information about current, past or prospective employees that is of a confidential or private nature, including current or former employees' names and contact information.

3. "Attorneys Eyes Only Material" means any information contained in any paper, document, database, spreadsheet, video recording, audio recording, electronic record or any other electronic or hard copy format received in this action that is stamped with an "Attorneys Eyes Only" designation. Attorneys Eyes Only Material may include, but is not limited to: highly confidential or

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

sensitive business information that could cause financial harm to Defendant if disseminated to the public or competitors.

4. Any party may designate any material produced by that party in this action as "Confidential" or "Attorneys Eyes Only" where he, she, or it believes in good faith that such material qualifies for that designation as defined above. Marking or stamping "Confidential" or "Attorneys Eyes Only" on the cover of a multiple page document shall classify all pages of the document with the same designation unless otherwise indicated by the Designating Party. Marking or stamping "Confidential Information" or "Attorneys Eyes Only Material" on a label on any electronic storage medium shall designate the entire contents of such electronic storage medium as Confidential Information or Attorneys Eyes Only Material.

**Access to Confidential Information And Attorneys Eyes Only Material**

5. Confidential Information produced or received in this action subject to this protective order shall not be disclosed by any person who has received such Confidential Information through this action except to: the Court, including assigned judges, their staff, jurors and other court personnel; court reporters and videographers recording or transcribing testimony in this action; attorneys of record for the parties and their respective associates, paralegals, clerks, and employees involved in the conduct of this litigation and in-house attorneys at Defendant. Notwithstanding the foregoing, the following designated persons may also receive and review Confidential Information:

(a) Plaintiffs Robert Bankwitz, William Jacobo, and Joshua Hernandez;

(b) Any person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this action;

(c) Experts or consultants who are engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action;

(d) Mediators used to try to resolve the action;

(e) Any other person with the prior written consent of the designating party.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

STIPULATED PROTECTIVE ORDER    3.    Case No. 3-17-cv-02924-EMC

6. Attorneys Eyes Only Material produced or received in this action subject to this protective order shall not be disclosed, revealed or disseminated by any person who has received such Confidential Information through this action except to: the Court, including assigned judges, their staff, jurors and other court personnel; court reporters and videographers recording or transcribing testimony in this action; attorneys of record for the parties and their respective associates, paralegals, clerks, and employees involved in the conduct of this litigation and in-house attorneys at Defendant. Notwithstanding the foregoing, the following designated persons may also review Attorneys Eyes Only Material:

(a) Experts or consultants who are engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action;

(b) Any person who was involved in the preparation of the document, materials or the discovery responses containing Attorneys Eyes Only Material, as well as any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof.

(c) Mediators used to try to resolve the action;

(d) Any other person with the prior written consent of the designating party.

7. Prior to reviewing any Confidential Information, any person who falls within a category identified in Paragraph 5(a)-(e) shall be provided a copy of this protective order and shall agree to be bound by its terms by executing the non-disclosure agreement in the form set forth in Attachment A. Prior to reviewing any Attorneys Eyes Only Material, any person who falls within a category identified in Paragraph 6(a)-(d) shall be provided a copy of this protective order and shall agree to be bound by its terms by executing the non-disclosure agreement in the form set forth in Attachment B.

8. The parties shall retain copies of any executed non-disclosure agreements until the end of the action. In the event of a possible violation of this protective order while this action is pending, a party may request that the Court order production of the executed non-disclosure agreements for good cause. Otherwise, the non-disclosure agreements are confidential and are not subject to any discovery request while the action is pending. No more than thirty (30) calendar days after the end of litigation in the action, the party who received the Confidential Information and/or

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

STIPULATED PROTECTIVE ORDER 4. Case No. 3-17-cv-02924-EMC

Attorneys Eyes Only Material shall provide copies of all executed non-disclosure agreements to the party who produced the Confidential Information and/or Attorneys Eyes Only Material.

9. The action is at an end when all of the following that are applicable occur: (a) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (b) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (c) all available appeals have concluded or the time for such appeals has expired; and (d) any post appeal proceedings have concluded.

**Use Of Confidential Information And Attorneys Eyes Only Material**

10. Either party shall use Confidential Information and Attorneys Eyes Only Material solely and exclusively for preparing for, prosecuting, and/or defending this case, including any claims on behalf of the named Plaintiffs and any putative class members pending the completion of the judicial process, including appeal. Confidential Information and Attorneys Eyes Only Material cannot be used for any other purpose in any other matter or proceeding for any reason whatsoever.

11. Nothing in this protective order shall restrict any party's counsel from giving advice to its client with respect to this action and, in the course thereof, relying upon Confidential Information and/or Attorneys Eyes Only Material, provided that in giving such advice, counsel shall not disclose the other party's Confidential Information and/or Attorneys Eyes Only Material other than in a manner expressly provided for in this protective order.

12. Testimony taken at a deposition that involves Confidential Information or Attorneys Eyes Only Material must be designated as "Confidential" or "Attorneys Eyes Only Material" by making a statement to that effect on the record at the deposition, identifying the specific testimony or items claimed to be Confidential Information or Attorneys Eyes Only Material. Arrangements shall be made with the deposition reporter taking and transcribing information designated as Confidential and/or Attorneys Eyes Only Material to bind separately such portions of the deposition transcript, and/or to label such portions appropriately. If a party intends to file with the Court any portions of the deposition transcript and/or video or audio versions of the depositions that contain Confidential Information or Attorneys Eyes Only Material, or references thereto, such portions must be filed under seal. ~~This application to file under seal must show good cause for the under seal filing.~~ The

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

STIPULATED PROTECTIVE ORDER 5. Case No. 3-17-cv-02924-EMC

1  ~~application shall be directed to the judge to whom the papers are directed. Pending the ruling on the~~
2  ~~application, the papers or portions thereof subject to the sealing application shall not be filed with~~
3  ~~the Court. Documents and information the Court authorizes to be filed under seal shall be filed in~~
4  ~~paper form (not filed electronically), as specified in the Court's CM/ECF Procedures.~~

5  13.  ~~In the event that the Court denies the application to file under seal, the Parties shall~~
6  ~~redact all confidential and/or proprietary and/or private information, including all personally~~
7  ~~identifiable information, prior to filing.~~  See ¶ 37 below.

8  14.  A copy of the protective order shall be attached as an exhibit to the deposition transcript and the court reporter shall be subject to the protective order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the action. Any audiotape and/or videotape of said deposition shall also be subject to this protective order. The deposition videographer shall be subject to this protective order and precluded from providing the original deposition videotape or portions of the videotape to any persons or entities other than counsel of record. Any audiotape shall also be subject to this protective order and all persons shall be precluded from providing the original deposition audiotape or portions of the audiotape, to any persons or entities other than counsel of record in the action.

15.  Only individuals permitted access to Confidential Information or Attorneys Eyes Only Material shall attend any deposition where Confidential Information or Attorneys Eyes Only Material is used. However, where feasible, an individual who is not allowed access to Attorneys Eyes Only Material may attend portions of the deposition where Attorneys Eyes Only Material is not used or discussed. Individuals attending any depositions using Confidential Information or Attorneys Eyes Only Material shall not disclose to any person any statements made by deponents at depositions that reference Confidential Information or Attorneys Eyes Only Material unless that person is independently allowed access to the information. Nothing in this protective order gives any individual the right to attend a deposition that they would not otherwise be entitled to attend.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

STIPULATED PROTECTIVE ORDER          6.                    Case No. 3-17-cv-02924-EMC

## No Waiver And Challenges to Designation

16. Whether or not any evidence or testimony is, in fact, designated as "Confidential" or "Attorneys Eyes Only" shall not be conclusive of whether it is lawfully entitled to trade secret or other confidentiality protections, and the failure to make such a designation shall not constitute a waiver of any such protections.

17. By entering into this protective order, the parties do not waive any right to challenge whether any material designated or not designated as Confidential Information or Attorneys Eyes Only Material is properly designated or not designated as such, and do not waive the right to challenge at any hearing, trial or other proceeding whether such information is, in fact, confidential or private.

18. To the extent a party wishes to object to the designation of evidence or testimony as Confidential Information or Attorneys Eyes Only Material, the following procedures apply:

(a) Any party may in good faith object to the designation of any evidence or testimony as Confidential Information or Attorneys Eyes Only Material or to the limitations as to the use and disclosure of such information, by providing written notice of such objections to the Designating Party. The grounds for any objections shall be stated with reasonable particularity.

(b) The parties shall thereafter attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved within fourteen (14) days after the objection is served, the party challenging the designation may apply to the Court, pursuant to applicable rules of court, for an order permitting the use and dissemination of the challenged document(s) outside the conditions set forth herein relating to Confidential and Attorneys Eyes Only Material. The challenged documents shall be treated as confidential until such time as the Court has ruled on the motion.

## Filing Under Seal And Handling At Hearings And Trial

19. With regard to any Confidential Information or Attorneys Eyes Only Material to be filed with the Court, such documents must be filed under seal. ~~This application to file under seal must show good cause for the under seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof~~

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

1  ~~subject to the sealing application shall not be filed with the Court. Documents and information the~~
2  ~~Court authorizes to be filed under seal shall be filed in paper form (not filed electronically), as~~
3  ~~specified in the Court's CM/ECF Procedures.~~  See ¶ 37 below.

4  20.  ~~In the event that the Court denies the application to file under seal, the Parties shall~~
5  ~~redact all confidential and/or proprietary and/or private information, including all personally~~
6  ~~identifiable information, prior to filing.~~  See ¶ 37 below.

7  21.  Should the need arise at a hearing or trial to offer testimony or present evidence designated as Confidential or Attorneys Eyes Only that cannot be addressed through sealing the evidence, the parties shall meet and confer in good faith to reach an agreement prior to offering said testimony or evidence. If they cannot reach an agreement, then, prior to offering the evidence, the Receiving Party will be allowed an opportunity to seek an appropriate court order to determine to what extent the Confidential Information or Attorneys Eyes Only Material may become public. Nothing shall prejudice any parties' rights to object to the introduction of any Confidential Information or Attorneys Eyes Only Material into evidence, on grounds, including, but not limited to, relevance and privilege.

**Inadvertent Failure To Designate**

22.  If, through inadvertence, any party produces or offers as testimony any Confidential Information or Attorneys Eyes Only Material without labeling it or otherwise designating it as such, the producing party may, at any time, give written notice in good faith designating such information as Confidential Information or Attorneys Eyes Only Material.

**Clawback Provisions**

23.  The parties also wish to protect certain privileged and work product documents, information, and electronically stored information against claims of waiver in the event they are inadvertently produced during the course of this litigation, whether pursuant to a Court order, a discovery request or informal production.

24.  A party who, through inadvertence or mistake, produces any material or information subject to a legally cognizable privilege or evidentiary protection shall not be held to have waived that privilege or evidentiary protection with respect to either that document or the subject matter of

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

that document if, within fourteen (14) days of discovering the inadvertent disclosure of the protected material, the producing party provides written notice to the receiving party (a) identifying the material or information inadvertently produced, (b) stating the privilege asserted, (c) and requesting its return by the receiving party.

25. Upon written notice of an unintentional production by the producing party, the receiving party must promptly return all hard and soft copies of the specified document(s). Where the document(s) have been transferred or stored electronically or are themselves privileged or attorney work product protected, the receiving party must delete the documents from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the receiving party.

26. The receiving party shall have seven (7) days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

27. If any document produced by another party is on its face subject to a legally recognizable privilege or evidentiary protection, the receiving party shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged or protected; (b) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents by Bates number range or other identifying information; and (d) return all hard and soft copies of the documents and, where the documents have been transferred or stored electronically, delete the documents from the devices on which they are or were stored or accessed or otherwise make them inaccessible. The steps in this paragraph shall be completed within seven (7) days of discovery by the receiving party. The producing party shall preserve all document(s) returned under this paragraph until it confirms that there is no dispute about the privileged and/or work product nature of the document(s) or, if there is a dispute, until the privilege issue is resolved. Notwithstanding the provisions of this paragraph, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product protected documents.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

28. The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including but not limited to the attorney-client privilege and/or the attorney work product doctrine, and no party shall be held to have waived any rights by such inadvertent production provided that they comply with the terms of this protective order for designating the material as privileged and requesting its return.

29. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party must delete and/or render inaccessible those portions of the document that refer to the privileged and/or work product information. If the receiving party disclosed the specified document(s) before being notified of its inadvertent production, it must take reasonable steps to retrieve the document(s).

30. The receiving party's return or destruction of such privileged or protected documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that the production of the documents in this matter acts as a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged documents or that the producing party failed to take reasonable steps to rectify the error provided that they comply with the terms of this protective order for designating the material as privileged and requesting its return.

31. The parties shall meet and confer within fourteen (14) days from the receipt of the receiving party's objection notice in an effort to resolve the dispute by agreement. If an agreement is not reached, the receiving party may file an appropriate motion and, as part of that motion, request that the producing party submit the specified documents to the Court under seal for a determination of the claim and provide the Court with the grounds for the asserted privilege or protection except

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

STIPULATED PROTECTIVE ORDER 10. Case No. 3-17-cv-02924-EMC

where such a submission would violate existing law. Any party may request expedited treatment of any request for the Court's determination of the claim.

**Termination Of Case**

32. The terms of this protective order shall survive the final termination of this action and shall be binding on all of the parties thereafter.

33. Within thirty (30) business days of the termination or settlement of this action, each party must return Confidential Information or Attorneys Eyes Only Material received during this litigation from the other party and copies of any deposition transcripts designated as Confidential Information or Attorneys Eyes Only Material. Where Confidential Information or Attorneys Eyes Only Material has been transferred or stored electronically, the receiving party must delete the electronic versions from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the receiving party. Notwithstanding these provisions, that counsel of record for the parties may keep, in strictest confidence, those copies of any part of the Confidential Information or Attorneys Eyes Only Material that have become part of the official record of this litigation and may retain abstracts or summaries of such materials, which contain counsel's mental impressions or opinions. Such information shall remain subject to the terms of this protective order.

34. Upon returning to the other side all Confidential Information or Attorneys Eyes Only Material and/or deposition testimony, the returning party must also execute and furnish the Certificate of Surrender and Deletion of Confidential Information and Attorneys Eyes Only Material Agreement in the form set forth in Attachment C.

**Miscellaneous Provisions**

35. The parties expressly agree that, by entering into this protective order, they do not waive any objections to any discovery requests and, further, that they do not agree to the production of any information or documents, or type or category of information or documents.

36. This protective order is subject to modification by stipulation of the parties. The Court may modify the terms and conditions of this protective order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties request that the Court

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

STIPULATED PROTECTIVE ORDER 11. Case No. 3-17-cv-02924-EMC

provide them with notice of the Court's intent to modify the protective order and content of those modifications, prior to making such modifications.

IT IS SO STIPULATED.

Dated: May 2, 2018

 s/ Alejandro P. Gutierrez
(*with consent*)
ALEJANDRO P. GUTIERREZ
HATHAWAY, PERRETT, WEBSTER,
POWERS, CHRISMAN & GUTIERREZ
A Professional Corporation

MICHAEL A. STRAUSS, Bar No. 246718
mike@strausslawyers.com
STRAUSS & STRAUSS, APC
121 North Fir Street, Suite F
Ventura, CA  93001
Tel: 805.641.6600 │ Fax: 805.641.6607

Attorneys for Plaintiffs
ROBERT BANKWITZ, WILLIAM JACOBO,
and JOSHUA HERNANDEZ

Dated: May 2, 2018

/s/ Jody A. Landry
JODY A. LANDRY
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ECOLAB INC.

JOHN A. YBARRA, *Pro Hac Vice*
jybarra@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, Illinois 60654
Telephone:     312.372.5520
Facsimile:     312. 372.7880

Attorneys for Defendant
ECOLAB INC.

Firmwide:154156250.1 057118.1196

**ORDER**

Upon review of the parties' Stipulation for Protective Order and upon a finding of good cause, it is hereby ordered that the foregoing Stipulated Protective Order is approved and the parties are ordered to act in compliance therewith.

IT IS SO ORDERED.

Dated: _____5/16_____, 2018



_____
DISTRICT JUDGE EDWARD M. CHEN

ADDED BY COURT:

37. Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any material designated Confidential or Attorneys Eyes Only.  A Party that seeks to file such material under seal must comply with Civil Local Rule 79-5.  Such material may only be filed under seal pursuant to a court order authorizing the sealing of the specific material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a party's request to file such material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

# ATTACHMENT A

# CONFIDENTIAL INFORMATION NON-DISCLOSURE AGREEMENT

The undersigned hereby agrees that:

1. I have reviewed the protective order in this action.

2. I agree that I am one of the following: (a) a named plaintiff to the action; (b) a person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by receipt of such Confidential Information in connection with this action; (c) an expert or consultant who has been engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action; (d) a mediator used to try to resolve the action; or (e) a person who the parties to the action have agreed in writing may receive Confidential Information.

3. I agree not to disclose any of the Confidential Information to any third person and further agree that my use of any Confidential Information shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose.

4. I further agree that on or before the termination or settlement of this action, I will return all Confidential Information which is in my possession, custody, or control to the attorneys involved in the action so that it can be returned as provided in the protective order.

5. By signing this Confidential Information Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

Dated: _____     Print Name: _____

                                       Sign Name: _____

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

STIPULATED PROTECTIVE ORDER      14.      Case No. 3-17-cv-02924-EMC

# ATTACHMENT B

# CONFIDENTIAL INFORMATION AND ATTORNEYS EYES ONLY MATERIAL

# NON-DISCLOSURE AGREEMENT

The undersigned hereby agrees that:

1. I have reviewed the protective order in this action.

2. I agree that I am one of the following: (a) an expert or consultant who has been engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action; (b) a person who was involved in the preparation of the document, materials or the discovery responses containing Attorneys Eyes Only Material or a person indicated on the face of the document to be its originator, author or a recipient of a copy thereof; (c) a mediator used to try to resolve the action; or (d) a person who the parties to the action have agreed in writing may receive Confidential Information and/or Attorneys Eyes Only Material.

3. I agree not to disclose any Confidential Information and/or Attorneys Eyes Only Material to any third person and further agree that my use of any Confidential Information and/or Attorneys Eyes Only Material shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose.

4. I further agree that on or before the termination or settlement of this action, I will return all Confidential Information and/or Attorneys Eyes Only Material which is in my possession, custody, or control to the attorneys involved in the action so that it can be returned as provided in the protective order.

5. By signing this Attorneys Eyes Only Material Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

Dated: _____     Print Name: _____

                             Sign Name: _____

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

STIPULATED PROTECTIVE ORDER     15.     Case No. 3-17-cv-02924-EMC

# ATTACHMENT C

# CERTIFICATE OF SURRENDER AND DELETION OF CONFIDENTIAL INFORMATION AND/OR ATTORNEYS EYES ONLY MATERIAL

The undersigned hereby represents that, pursuant to the protective order, all Confidential Information and/or Attorneys Eyes Only Material within the possession, custody or control of the undersigned has been returned to the producing party to the extent it could be returned either in hard or soft copy. The undersigned further represents that, pursuant to the protective order, and to the extent Confidential Information or Attorneys Eyes Only Material was transferred or stored electronically, all electronic versions of the material and information have been deleted from the devices on which they were stored or accessed or otherwise rendered inaccessible.

Dated: _____　　　　　　　　　Print Name: _____

　　　　　　　　　　　　　　　　　　　　Sign Name: _____

Firmwide:154156250.1 057118.1196

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

STIPULATED PROTECTIVE ORDER　　16.　　Case No. 3-17-cv-02924-EMC