Alejandro P. Gutierrez, SBN 107688
*agutierrez@hathawaylawfirm.com*
**HATHAWAY, PERRETT, WEBSTER, POWERS,**
**CHRISMAN & GUTIERREZ, APC**
5450 Telegraph Road, Suite 200
Ventura, CA 93006-3577
Tel: (805) 644-7111; Fax: (805) 644-8296

Daniel J. Palay, SBN 159348
*djp@calemploymentcounsel.com*
Brian D. Hefelfinger, SBN 253054
*bdh@calemploymentcounsel.com*
**PALAY HEFELFINGER, APC**
1484 E. Main Street, Suite 105-B
Ventura, CA 93001
Tel: (805) 628-8220; Fax: (805) 765-8600

Michael A. Strauss, SBN 246718
*mike@strausslawyers.com*
Andrew C. Ellison, SBN 283884
*andrew@strausslawyers.com*
**STRAUSS & STRAUSS, APC**
121 North Fir Street, Suite F
Ventura, CA 93001
Tel: (805) 641-6600; Fax: (805) 641-6607

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT BANKWITZ, an individual; WILLIAM JACOBO, an individual; on behalf of themselves and other persons similarly situated,<br><br>          Plaintiffs,<br>      v.<br><br>ECOLAB INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No. 3:17-cv-02924-EMC<br><br>***THIRD AMENDED* COMPLAINT FOR CIVIL PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEY'S GENERAL ACT [PAGA]** |

/ / /

/ / /

/ / /

1   **TO ALL INTERESTED PARTIES HEREIN AND TO THEIR ATTORNEYS OF**
2   **RECORD:**

3   COME NOW, Plaintiffs ROBERT BANKWITZ and WILLIAM JACOBO ("Plaintiffs"), and
4   submit the following Third Amended Complaint against ECOLAB INC. inclusive ("Ecolab" or
5   "Defendant"), and each of them as follows.

6   <center>**INTRODUCTION**</center>

7   1.      Ecolab misclassified Plaintiffs and their fellow Territory Managers and Hospitality
8   Territory Managers as exempt from California wage-and-hour laws.  (Unless otherwise noted, the
9   Territory Manager and Hospitality Territory Manager positions are collectively referred to herein as
10  "TM.")  Plaintiffs originally sued Ecolab on behalf of themselves and a putative class of TMs in
11  California.  Plaintiffs also included a representative claim for civil penalties under the California Private
12  Attorneys General Act of 2004 ("PAGA"), California Labor Code sections 2968 *et seq.*  Ecolab
13  compelled individual arbitrations of Plaintiffs' claims, at which time the Court stayed their PAGA
14  claims.  Plaintiffs prevailed in their individual arbitrations on their claim for unpaid overtime under
15  California law, defeating Ecolab's exemption defenses.  The Court has entered judgments in favor of
16  Plaintiffs and against Ecolab on their individual claim for unpaid overtime.  Plaintiffs now return to
17  Court for disposition of their PAGA claims.

18  2.      Ecolab has a history of misclassifying its California nonexempt workers as exempt.  *See,*
19  *e.g. Ross v. Ecolab Inc.*, No. 13-CV-5097-PJH, 2015 WL 5681323 (N.D. Cal. Sept. 28, 2015)
20  (exemption found inapplicable at summary judgment to similar Ecolab position of Route Manager or
21  Route Sales Manager); *Ladore v. Ecolab Inc.*, No. CV11-9386-GAF (FMOx), 2013 WL 12246340 (C.D.
22  Cal. Jan. 22, 2013); *Martino v. Ecolab, Inc.*, No. 14-CV-04358-PSG, 2016 WL 614477 (N.D. Cal. Feb.
23  16, 2016).  Here, until reclassifying the TM position as nonexempt as of January 5, 2020, Defendant
24  continued to misclassify its TMs in California as exempt.

25  3.      Plaintiffs have complied with all procedural requirements of the PAGA.  In particular,
26  on May 18, 2017, Plaintiffs gave written notice by certified mail, and via web portal, to the California
27  Labor and Workforce Development Agency and Ecolab of the specific provisions of the Labor Code
28  alleged to have been violated by Ecolab, including the facts and theories to support the alleged violations

(the "Notice").  A true and correct copy of Plaintiffs' Notice to the California Labor and Workforce Development Agency and Defendants is attached hereto as **Exhibit A**.

4.     This lawsuit seeks civil penalties under PAGA for violations of the California Labor Code that relate to the payment of wages to these misclassified TMs from the time period of May 18, 2016 through January 4, 2020 (the "PAGA Period").

## VENUE AND JURISDICTION

5.     This Court has personal and subject matter jurisdiction over all causes of action asserted herein.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiffs asserted a causes of action arising under federal law, which was litigated in Plaintiffs' arbitrations. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367. Jurisdiction over Plaintiffs' federal claim was based upon 29 U.S.C. § 216(b), which authorizes employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employer's failure to pay overtime wages as required by the FLSA; and 29 U.S.C. §§ 1331 and 1337.

6.     This Court also has original jurisdiction under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, but inclusive of attorney's fees that have been incurred and which will reasonably be incurred through judgment, *Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785, 796 (9th Cir. 2018), and is between citizens of different states.  Plaintiffs' attorney's fees incurred to date in connection with the PAGA claim exceed $75,000.

7.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  At all times material herein, Defendant Ecolab Inc. has been actively conducting business in the State of California and within the geographic area encompassing the Northern District of the State of California, where it employs dozens of TMs.  Further, venue is proper in this district as this case is related to the matter of *Martino et al v. Ecolab Inc.*, N.D. Cal. Case No. 3:14-cv-04358-VC, previously litigated in this District.

8.     Jurisdiction over Plaintiffs' state law claims under PAGA are based upon this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), because the claims in the action within the Court's original jurisdiction form part of the same case or controversy under Article III of the United States Constitution.

1

**THE PARTIES**

2      9.      At all times herein mentioned, Plaintiff Robert Bankwitz was an employee of Ecolab,

3   working in the state of California as a TM, from in or about 2013 through in or about January 2020,

4   when Ecolab terminated his employment.  Unless otherwise stated, at all times herein mentioned

5   Plaintiff Bankwitz was an individual residing in the County of Los Angeles, State of California.

6      10.     At all times herein mentioned, Plaintiff William Jacobo was an employee of Ecolab,

7   working in the state of California as a TM, from in or about 2015 through January 5, 2020, though he

8   remains employed by Ecolab as a Territory Sales Representative.  Unless otherwise stated, at all times

9   herein mentioned Plaintiff Jacobo was an individual residing in the County of Los Angeles, State of

10  California.

11     11.     At all times herein mentioned, TMs were employees of Ecolab, working in the state of

12  California during the PAGA Period.

13     12.     Ecolab is a Delaware corporation that does business in California, including within the

14  Northern District of California.

15

**FACTUAL ALLEGATIONS**

16     13.     The Territory Manager and Hospitality Territory Manager positions existed during the

17  PAGA Period.

18     14.     The duties and responsibilities of the Territory Manager and Hospitality Territory

19  Manager are substantially the same.

20     15.     During the PAGA Period, Territory Managers and Hospitality Territory Managers were

21  paid pursuant to the terms of the same Incentive Compensation Plans ("ICP").

22     16.     The Incentive Compensation Plan did not change in any way material to this action

23  during the PAGA Period.

24     17.     Ecolab eliminated the TM position as of January 5, 2020.

25     18.     The factual allegations stated hereinbelow, unless otherwise specified, relate to the

26  PAGA Period.

27     19.     Ecolab distributes various cleaning and sanitizing products – detergents, soaps and

28  cleaning solutions – to a range of restaurant, hotel, hospital and other end users.

**THIRD AMENDED COMPLAINT**

20.     To help sell these products, Ecolab provided dispensers and maintenance to its customers for free, and it dispatched TMs to customer locations, where they performed maintenance services.

21.     TMs provided maintenance services to establishments including but not limited to the following:

a.     Restaurants, bars, and other establishments where food in either solid or liquid form is prepared and served to be consumed on the premises;

b.     Establishments that prepare food for consumption on or off the premises;

c.     Hotels and similar establishments offering rental of living quarters;

d.     Hospitals, rest homes, and similar establishments offering board or lodging in addition to medical, surgical, nursing, convalescent, aged, or child-care;

e.     Private schools, colleges, or universities, and similar establishments that provide board or lodging in addition to educational facilities; and/or

f.     Prisons, correctional facilities, and related establishments.

22.     TMs primarily installed, tested, maintained, and repaired Ecolab equipment, such as dispensers and equipment related to dish machines, laundry, spa and housekeeping.

23.     TMs performed their service obligations at the premises of Ecolab's customers, such as hotels, restaurants, nursing homes, schools, hospitals, and correctional facilities.

24.     The TM job was manual in nature; the TM job was hard work, performed by workers in service uniforms who handled tools, testing kits, and chemicals.

25.     Ecolab treated the TM position as exempt during the PAGA Period.

26.     TMs, including Plaintiffs, worked overtime hours, whether measured on a daily, weekly, or seventh-day basis, in the performance of their duties.

27.     TMs sometimes worked doubletime hours – over 12 hours in one day – in the performance of their duties.

28.     TMs spent the majority of their workdays conducting maintenance, servicing equipment, checking chemical levels, taking inventory, and installing dispensers and related equipment.

29.     TMs did not spend more than half their working time each week selling or obtaining orders or contracts for products, services or use of facilities.

30.     Ecolab never communicated to TMs in writing that they were expected to spend the majority of their workday selling or obtaining orders or contracts for products, services or use of facilities.

31.     Ecolab never had a written policy instructing TMs on what percent of their working hours must be spent on sales tasks versus time spent on non-sales tasks.

32.     Ecolab never communicated to TMs orally that they were expected to spend the majority of their workday selling or obtaining orders or contracts for products, services or use of facilities.

33.     Under the ICP, Plaintiffs' and other TMs' compensation was based on three components: salary, commission and bonus.

34.     Ecolab never paid TMs on an hourly basis.

35.     Although labeled "commissions" under each ICP, the TMs' commissions pay was not compensation paid for services rendered in the sale of Ecolab's property or services and based proportionately upon the amount or value thereof.

36.     The "commission" earnings paid to TMs were based on the amount their customers purchased, not entirely on what the TMs sold.

37.     Sometimes Ecolab paid TMs performance-based bonuses in addition to their salary and so-called commission wages.

38.     Ecolab maintained a monthly pay period whereby labor performed by a TM for an entire month was paid the subsequent month.  For example, if a TM worked the entire month of August, Ecolab paid that TM the wages earned in August in the month of September.

39.     Ecolab paid TMs twice each month, with one check paid on or about the 5th of the month and the other check paid on or about the 20th of the month.

40.     In the paycheck dated on or about the 5th of the month, Ecolab paid TMs an advance on their so-called commissions.

41.     In the paycheck dated on or about the 20th of the month, Ecolab paid TMs their commissions, salary, and, if applicable, bonus earnings.

42.     The advance (or draw) against commissions payment made to the employee on or about the 5th of each month was recovered from the commissions, salary, and bonus earnings that were paid

6

1   out on the 20th of the same month.

2       43.   Ecolab did not make payroll or tax withholdings from the draw payments made to TMs

3   on or about the 5th of each month.

4       44.   Ecolab does not consider the draw payments made to TMs to be "income."

5       45.   The TMs earned their so-called commissions upon receipt by Ecolab of payment from

6   its customers.

7       46.   TMs typically performed work for Ecolab throughout the month.

8       47.   Ecolab assigned TMs a geographic territory with a varying number of customers.

9       48.   Ecolab expected the TMs to perform services at many of their customers' locations at

10  least once a month.

11      49.   TMs generally visited multiple customers each day.

12      50.   Ecolab provided TMs with a service vehicle for the performance of their duties.

13      51.   The service vehicle provided to TMs was to be used primarily to conduct company-

14  related business.

15      52.   Ecolab required the TMs to use their service vehicle to travel to, between, and back from

16  customer locations throughout their workday.

17      53.   Pursuant to Ecolab policy, home is considered a work location if an employee engages

18  in work-related activities from home and travels to/from other work locations/sites during the workday.

19      54.   TMs engaged in work-related activities from home.

20      55.   Ecolab expected TMs to perform Ecolab work-related activities from their home.

21      56.   TMs traveled to/from other work locations/sites during the workday.

22      57.   Ecolab required TMs to use their service vehicle to transport tools, equipment, and parts

23  from their home to customer locations.

24      58.   TMs typically loaded and unloaded their tools, equipment, and parts from their vehicle

25  each day before and after visiting their Ecolab assigned customers.

26      59.   TMs commuted from their home to their first Ecolab customer of the day using their

27  service vehicle.

28      60.   TMs performed Ecolab work at their homes prior to their departure.

7

**THIRD AMENDED COMPLAINT**

61.     TMs drove between Ecolab customers in their territory using their service vehicle.

62.     After visiting their final Ecolab customer of the day, TMs drove back to their home using their service vehicle.

63.     TMs performed Ecolab work at their homes upon their return from their last customer.

64.     Ecolab at times tracked the TMs' location throughout their workday using a GPS monitoring system.

65.     The GPS tracking device was installed on the TMs' service vehicle.

66.     The GPS tracking device captured data in connection with the service vehicle's use, including, but not limited to, geo-location, vehicle speed, idling, harsh braking, harsh acceleration, and harsh cornering.

67.     All real time and historical data received, created, recorded, transmitted, or stored by the GPS tracking device (collectively, the "Information") was the property of Ecolab.

68.     Ecolab owned the service vehicle provided to TMs.

69.     Ecolab owned all data relating to the use of TMs' service vehicles, including but not limited to the Information.

70.     TMs had no expectation of privacy in the Information or the service vehicle.

71.     The Information was provided to Ecolab in regular reports and saved on Ecolab servers as business records.

72.     Ecolab could use and process the Information for business purposes, including but not limited to analyzing TMs' driving practices in order to improve safety, to develop Ecolab risk reduction strategies, and to enhance route efficiencies.

73.     Ecolab could use the Information as part of an investigation relating to potential or alleged abuse or misuse of the TMs' service vehicle, or other potential or alleged misconduct by the TMs.

74.     TMs were not under any circumstances permitted to tamper, alter, disable, or remove the GPS tracking device from their service vehicles.

75.     Ecolab required TMs to immediately report to their supervisor any damage or mechanical failure on their service vehicles.

76.     Ecolab prohibited the use of cell phones during the time TMs drove their service vehicles during the workday.

77.     The TMs' assigned Ecolab customers sometimes required their services more frequently than once a month.

78.     For example, a customer's warewashing machine could need servicing by the TM.

79.     A TM's assigned Ecolab customer could request an extra service call from the TM at any time by contacting Ecolab.  These extra service calls are called Extra Service Requests ("ESRs").

80.     Ecolab transmitted ESRs to TMs by text message.

81.     Ecolab required TMs to respond to ESRs within one hour of the transmission of such a text message.

82.     The TM's first response to an ESR was typically a phone call to the customer, during which the TM would diagnose the problem and attempt to resolve it over the phone.

83.     In the event the TM could not resolve the problem over the phone, Ecolab required the TM to visit the customer in person.

84.     TMs regularly responded to ESRs before departing to see their first Ecolab customer of the day.

85.     TMs regularly responded to ESRs after returning home from their last Ecolab customer of the day.

86.     Ecolab did not always pay TMs for at least two hours of work when TMs responded to ESRs after returning home from their last Ecolab customer of the day.

87.     Ecolab designated the TMs' workweek as beginning at 12:00 a.m. on Sunday and ending at 11:59 p.m. on Saturday.

88.     TMs composed and received work-related emails using an Ecolab email address.

89.     Ecolab provided TMs with a cellular telephone for use in connection with their work.

90.     The cellular telephone provided to TMs contained an application that blocked incoming and outgoing calls while the TMs were driving.

91.     TMs used their cellular telephone to compose and receive work-related text messages.

92.     TMs worked seven straight days some workweeks.

**THIRD AMENDED COMPLAINT**

93.     Ecolab never paid overtime premium wages to TMs.

94.     Ecolab never paid doubletime premium wages to TMs.

95.     Ecolab provided a 10-minute rest period for every four-hour period of work performed by a TM.

96.     Ecolab never separately paid TMs for their 10-minute rest periods.

97.     The wage statements Ecolab provided to each TM did not include the TM's total hours worked during the pay period for which Ecolab paid the TM's wages.

98.     The wage statements Ecolab provided to each TM did not include the TM's overtime hours worked during the pay period for which Ecolab paid the TM's wages.

99.     The wage statements Ecolab provided to each TM did not include the TM's hourly rate during the pay period for which Ecolab paid the TM's wages.

100.    The wage statements Ecolab provided to each TM did not include the TM's overtime rate during the pay period for which Ecolab paid the TM's wages.

101.    The wage statements Ecolab provided to each TM did not include the gross (regular and overtime) wages earned during the pay period for which Ecolab paid the TM's wages.

102.    The wage statements Ecolab provided to each TM did not include the TM's net (regular and overtime) wages earned during the pay period for which Ecolab paid the TM's wages.

103.    Ecolab never paid rest period premium wages to TMs.

104.    Ecolab never recorded the actual hours worked by TMs.

105.    Ecolab never recorded the times of the meal periods taken by TMs.

106.    Ecolab does not have proof of the exact number of hours worked by TMs.

107.    Individuals who held the TM position as of January 5, 2020 transitioned to a new position entitled Territory Sales Representative or Senior Territory Sales Representative (collectively, "TSR").

108.    Ecolab treats the TSR position as nonexempt from California wage-and-hour laws.

109.    The duties of the TSR position are virtually identical to those of the TM position.

110.    Ecolab pays TSRs on an hourly basis.

111.    Ecolab requires TSRs to track their hours worked.

112.    The TSRs' hours worked include their commute time, i.e., the time spent driving to the

first Ecolab customer of the day and returning home from the last Ecolab customer of the day.

113.    When TSRs work overtime hours, whether measured on a daily or weekly basis, Ecolab compensates the TSRs with overtime premium wages.

114.    Until the Covid-19 outbreak in March 2020, TSRs regularly worked overtime hours.

## FIRST CAUSE OF ACTION

### *For Civil Penalties Under The Labor Code Private Attorneys General Act*

115.    Plaintiffs reallege and incorporate by reference each of the preceding paragraphs as if each was separately stated herein.

116.    Plaintiffs bring this cause of action in their capacity as private attorney generals (*i.e.* as proxies or agents of the State of California) to recover civil penalties under the PAGA for Defendants' violations of the Labor Code enumerated herein.

117.    Plaintiffs are each an "aggrieved employee" of Ecolab, as that phrase is statutorily defined pursuant to Labor Code section 2699(c), since Plaintiffs were persons employed by the alleged violators (i.e., Ecolab), and against whom one or more of the alleged violations was committed.

118.    Plaintiffs provided the required notice to the LWDA.  *See* Ex. A.  Plaintiffs are informed, believe, and thereon allege that each is statutorily authorized to commence a civil action against Defendants pursuant to the PAGA, as the California Labor and Workforce Development has failed to notify them that it intends to investigate the alleged violations within sixty five (65) calendar days of the postmark date of their receipt of the Notice and at least sixty five (65) calendar days have elapsed from the postmark date of the Notice with the California Labor and Workforce Development having not provided notification of any intention to investigate the alleged violations.

119.    The factual allegations stated herein give rise to violations of the California Labor Code.

120.    Labor Code section 201 requires immediate payment of all wages owed at the termination of employment.  It is alleged that within the PAGA Period, TMs have been terminated and have not received all wages owed at their termination, including overtime, minimum and reporting time wages. Plaintiff seeks civil penalties on behalf of themselves and all others similarly situated under Labor Code section 2699, subd. (f), or any other statute that provides for civil penalties for such violations of law.

121.    Labor Code section 202 requires payment of all wages owed within 72 hours of the

resignation of an employee, unless the employee gives more than 72-hours' notice, in which case wages are owed at the employee's resignation.  It is alleged that within the PAGA Period, TMs have resigned and have not received all pay owed in a timely fashion after their resignation.  Plaintiffs seek civil penalties on behalf of themselves and all others similarly situated under Labor Code section 2699, subd. (f) or any other statute that provides for civil penalties for such violations of law.

122.   Pursuant to Labor Code section 204, all wages earned must be paid at the conclusion of each pay period and no less frequently than twice a month, with labor performed the first half of the month payable no later than the 20th day of that same month, and labor performed the second half of the month payable no later than the 10th day of the following month.  Ecolab violated section 204 by not paying all overtime and/or doubletime wages earned each pay period in which TMs worked overtime and/or doubletime hours.  Ecolab further violated section 204 by maintaining monthly payroll periods. As it is alleged that Defendants violated Labor Code section 204, Plaintiff will, on behalf of the other TMs, seek the civil penalties available under Labor Code section 210

123.   Labor Code section 219 provides that an employer may not circumvent by way of private agreement the requirements of the wage-and-hour laws of the Labor Code.  To the extent that Defendants have promulgated wage-and-hour and payroll card policies that do not comply with California law, or that Defendants will argue that Plaintiffs and other TMs agreed to work overtime and/or double-time hours for no additional compensation, Defendants will have violated Labor Code section 219.  Plaintiffs seek civil penalties on behalf of themselves and all others similarly situated under Labor Code section 2699, subd. (f) or any other statute that provides for civil penalties for such violations of law.

124.   Labor Code section 226, subdivision (a) requires employers to put specific, accurate information on their employees' paycheck stubs. This information includes the actual number of hours worked, the applicable rates of pay, and the gross and net wages actually earned.  Defendants failed to include necessary information on TMs' paycheck stubs, and it is alleged that the violation of Labor Code section 226, subdivision (a) extends to Plaintiffs and all other TMs.  Plaintiffs will seek, on behalf of themselves and other TMs, the civil penalties available under Labor Code section 226.3.

125.   Labor Code section 226.7 requires the payment of rest period premium wages equal to one hour of pay for each workday that a rest period is not provided in accordance with state law.  State

law requires that rest periods be *paid*. *Vaquero v. Stoneledge Furniture LLC*, 9 Cal. App. 5th 98, 112, (2017). Ecolab did not provide *paid* rest periods to the TMs. Ecolab violated section 226.7 by failing to compensate TMs with rest period premium pay for each workday that a rest period was not provided in accordance with California law. Plaintiffs seek civil penalties on behalf of themselves and all others similarly situated under Labor Code section 2699, subd. (f) or any other statute that provides for civil penalties for such violations of law.

126.    Labor Code section 510 requires that any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Ecolab violated section 510 by not paying TMs overtime and/or doubletime premium wages for all overtime and/or doubletime hours worked, chosing instead to treat TMs as exempt from the overtime and doubletime requirements of section 510. Consequently, Plaintiffs seek civil penalties available under Labor Code section 558, which provides a civil penalty for violations of section 510.

127.    Labor Code section 1174 requires employers to keep payroll records showing the hours worked daily and the wages paid to employees. Ecolab did not comply with section 1174 because it did not keep these required payroll records with respect to the TMs. Plaintiffs seek civil penalties on behalf of themselves and all others similarly situated under Labor Code section 1174.5 or any other statute that provides for civil penalties for such violations of law.

128.    Labor Code sections 1194, 1194.2, *et seq*. provide for minimum wage protections and assorted remedies to California workers, including liquidated damages, attorneys' fees and costs. Plaintiffs allege that Ecolab violated section 1194 by failing to pay minimum wage and overtime to its California TMs during the relevant period. As such, civil penalties are sought as set forth below.

129.    Labor Code section 1197 also prohibits the payment of a wage less than the minimum. Ecolab violated sections 1194 and 1197 by not paying all minimum wages owed. Specifically, TMs

worked full pay periods each month without any timely compensation therefor.  The draw earnings Ecolab paid them do not constitute wages under California law.  Moreover, as California law requires the payment of wages no less frequently than twice a month and that wages be due no later than 10 days following the close of these semi-monthly pay periods, Ecolab, by paying wages beyond the 10-day window, did not compensate TMs for their wages when due.  As a result, TMs worked without compensation each pay period.  Plaintiffs seek civil penalties on behalf of themselves and all others similarly situated under Labor Code section 1197.1 or any other statute that provides for civil penalties for such violations of law.

130.    Labor Code section 2926 provides that an employee who is not employed for a specified term and who is dismissed by his employer is entitled to compensation for services rendered up to the time of such dismissal.  Ecolab violated section 2696 by terminating TMs, each of whom was not employed for a specified term, without paying all compensation earned for service rendered up to the time of such termination.  These unpaid wages include overtime premiums, minimum wages, and rest period premiums, as discussed hereinabove.  Plaintiffs seek civil penalties on behalf of themselves and all others similarly situated under Labor Code section 2699, subd. (f) or any other statute that provides for civil penalties for such violations of law.

131.    Plaintiffs also seek any civil penalties allowable under the Labor Code that arise out of the same set of operative facts as the claims made in this complaint and/or in the Notice.

132.    Plaintiffs additionally seek an award of reasonable attorney's fees and costs pursuant to Labor Code section 2699(g)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of the State of California, themselves, and all other aggrieved employees of Ecolab, pray for relief as follows:

1.    For all civil penalties available under the Labor Code;

2.    For reasonable attorney's fees and costs pursuant to California law, including, but not limited to California Labor Code section 2699(g)(1);

/ / /

/ / /

**THIRD AMENDED COMPLAINT**

3.     For such other and further relief that the Court deems just and proper.

Dated:     June 28, 2020          STRAUSS & STRAUSS, APC


By:   */s/ Michael A. Strauss*
          Michael Strauss

**THIRD AMENDED COMPLAINT**

# Exhibit A

# STRAUSS & STRAUSS A.P.C.

MICHAEL A. STRAUSS
JENNA H. STRAUSS
ANDREW C. ELLISON
RABIAH A. RAHMAN

121 N. FIR STREET, SUITE F
VENTURA, CALIFORNIA 93001
PHONE: (805) 641-6600
FACSIMILE: (805) 641-6607
WWW.STRAUSSLAWYERS.COM
ANDREW@STRAUSSLAWYERS.COM

May 18, 2017

WRITER'S EMAIL
andrew@strausslawyers.com

*VIA CERTIFIED MAIL;*
*ALSO VIA WEB PORTAL AT:*
*https:Udir.tfaforms.net!*

Labor and Workforce  Development  Agency
Department  of Industrial  Relations Accounting  Unit
455 Golden Gate Avenue,  10th  Floor
San Francisco, CA 94102

Mr. Douglas M. Baker Jr., COB and CEO Ecolab, Inc.          VIA CERTIFIED MAIL
1 Ecolab Place
St. Paul, MN 55102

Re:     *Bankwitz  v. Ecolab Inc. -  Notice of Labor Code Private Attorneys  General*
        *Act Claims and Intent to Pursue Civil Action*

To Whom  It May Concern:

This office, along with  the  law offices of Hathaway,  Perrett,  Webster,  Powers, Chrisman &
Gutierrez,  APC,  and  Palay  Hefelfinger,  APC,  represent  Robert  Bankwitz  ("Plaintiff")
in  his  claims  for  violations  of  California  wage-and-hour  statutes  and  regulations  by  his
former  employer,  Ecolab,  Inc.  ("Ecolab").  Mr.  Bankwitz  intends  to  file  a
civil  lawsuit  on  behalf  of  himself  and  all  other  similarly-situated  individuals  against Ecolab to
recover wages and statutory penalties  under California  statutes and regulations.

Additionally, our client intends to seek recovery  of all available civil penalties for himself and
similarly  situated California employees under the Private Attorneys  General  Act  ("PAGA"). This
correspondence  is  being  sent,  pursuant  to  the  provisions  of  California  Labor  Code  section
2699.3,  in order to allow Plaintiff, on behalf of himself and all other similarly-situated individuals,
to  collect  the  civil  penalties  associated  with  the  violations  of  the  following  statutes  and
regulations in his civil lawsuit against Ecolab.

These are the facts as we presently understand  them,  as matters  pertain  to  Plaintiff  and
the  putative  and/or  representative class of California  workers  Plaintiff  intends to represent - i.e.:

> Plaintiffs  and  those  similarly  situated  who  are,  or  were,  employed  by
> Defendants in California during  the  last four years as Hospitality Territory
> Managers,  Territory Managers,  Territory Sales Managers and/or Territory
> Sales Representatives, and were denied proper compensation as required by
> state and federal wage-and-hour laws by being denied overtime premium

wages, minimum wages, appropriate non-commission or at least minimum wage compensation for rest periods, and have not received accurate itemized wage statements required pursuant to Labor Code section 226. (Herein, the "PAGA Class").

First, Plaintiff contends that Ecolab has failed to pay Plaintiff and the PAGA Class all wages owed according to California law. This results from a pay structure/compensation plan which fails to pay minimum wages, overtime premiums, and fails to provide separate compensation for rest periods. Plaintiff was not compensated for non-commission generating activities.

Second, as a result of its failure to pay its employees lawfully, Ecolab has not provided these individuals with paycheck stubs that conform to the requirements of Labor Code section 226. Specifically, the number of hours worked and the correct and lawful hourly and overtime rate(s) are not provided.

Finally, Ecolab has not paid those individuals who have left Ecolab's employment all wages due, as required pursuant to Labor Code sections 201 and 202. Consequently, Ecolab owes them statutory penalties pursuant to Labor Code section 203. Plaintiff believes that there have been more than one hundred (100) employees in California who were subjected to the same illegal actions.

Plaintiff will seek wages and statutory penalties against Ecolab for these violations. Penalties sought arise from any and all claims for (i) alleged violations of California Labor Code sections 201, 202, 203, 204, 219, 226.7, 510, 558, 1194, and 1198, including but not limited to, failure to pay employees all minimum and overtime wages due to the misclassification of their exempt status and/or miscalculation of the rate of pay; (ii) alleged violations of California Labor Code § 226, including, but not limited to, failure to provide accurate wage statements; (iii) alleged violations of California Labor Code §§ 201-203, including, but not limited to, failure to pay final wages timely, or pay penalties of untimely final wages; (iv); alleged violation of California Business and Professions Code § 17200 et seq. based on underlying violations of the California Labor Code as identified herein at (i) through (iv), and (v) alleged violations of California Labor Code § 2698 et seq. based on derivative violations of the Labor Code, including but not limited to Labor Code §§ 201, 202, 203, 204, 219, 226, 226.7, 510, 558, 1194, 1194.2, 1194.3, 1197.1 and 1198; and IWC Wage Order 5-2001.

## THE LAW

### 1. Statutory and Regulatory Violations

Labor Code section 510 requires employers to pay nonexempt workers overtime premium wages when they work more than eight (8) hours in one day or over forty (40) hours in one week, and for the first eight (8) hours worked on the seventh straight day of work in a single workweek. This statute also requires employers to pay nonexempt workers doubletime premium wages when they work more than 12 hours in one workday and for all hours worked in excess of eight (8) on the seventh straight day of work in one workweek. California case law also imposes further requirements in the case of employers purportedly availing themselves of a commission-based exemption. *See, e.g., Peabody v. Time Warner Cable*, 59 Cal.4th 662 (2014).

In this matter, it is alleged that Ecolab intentionally denied the PAGA Class wages that should have been paid and violated California Labor Code section 510 and applicable IWC wage

May 18, 2017
Page 3 of 7

orders.  Ecolab has, as a result, violated the aforementioned Labor Code sections by not paying all minimum, overtime and/or double-time wages to Plaintiff and the PAGA class.

IWC Wage Order 5-2001 section 3(A) mirrors the overtime and double-time requirements of Labor Code section 510.  Ecolab violated Wage Order 5-2001 by not paying overtime or double-time wages to the PAGA Class at the correct hourly rates.

Labor Code section 201 requires immediate payment of all wages owed at the termination of employment.  It is believed that within the last year, Ecolab hourly employees in California have been terminated and have not received their overtime or double-time wages owed at their termination.

Labor Code section 202 requires payment of all wages owed within 72 hours of the resignation of an employee, unless the employee gives more than 72 hours' notice, in which case wages are owed at the employee's resignation.  It is believed that within the last year, Ecolab hourly employees in California have resigned and have not received their overtime or double-time wages owed in a timely fashion as required by Labor Code section 202.

Labor Code section 204 sets timetables for when wages are due each pay period.  In effect, most wages earned during a pay period must be paid at the conclusion of that pay period or the conclusion of the next pay period (in the case of wages earned for labor in excess of the normal work period).  Here, overtime wages were owed each pay period in which individuals worked overtime hours, and yet Ecolab did not timely pay them the earned overtime in the correct amounts.

Labor Code section 219 provides that an employer may not circumvent by way of private agreement the requirements of the wage-and-hour laws of the Labor Code.  To the extent that Ecolab has promulgated wage-and-hour policies that do not comply with California law, or that Ecolab will argue that Plaintiff and PAGA Class members agreed to work overtime and/or double-time hours for no additional compensation, Ecolab will have violated Labor Code section 219.

Labor Code section 226, subdivision (a) requires employers to put specific, accurate information on their employees' paycheck stubs. This information includes the actual number of hours worked and the applicable and lawful rates of pay.  Ecolab failed to include necessary information on Plaintiff's paycheck stubs by failing to provide the aforementioned information, and it is believed that the violation of Labor Code section 226, subdivision (a) extends to all other PAGA Class members.

Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to receive in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.  Here, Ecolab has misclassified the PAGA Class members as exempt employees.  To the extent that Ecolab failed to properly compensate and/or pay the PAGA Class members in accordance with California law (*see, e.g., Peabody v. Time Warner Cable, supra*), additional wages and liquidated damages are owed.  Here, while the PAGA Class fails to meet any exemption on the basis of duties, Ecolab also failed to pay the PAGA class 1.5 times the minimum wage for each workweek thereby vitiating any claim of exemption..

To the extent that Ecolab will argue that the employees agreed to work overtime and/or double-time hours for no additional compensation, and failed to pay minimum wages to Plaintiff, Ecolab will have violated Labor Code sections 1194(a) and 219.

Additionally, Ecolab violated California's minimum wage laws by not paying Plaintiff and the putative class members for each of their ten-minute rest periods, which are required by California law. Employees are entitled to "a paid 10-minute rest period per four hours of work." *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, 871 (2013). Under the rule of *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th at 323, rest periods must be separately compensated in a commissioned or piece-rate system. *Bluford*, 216 Cal. App. 4th at 872. "[A] piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law." *Id.*; *Balasanyan v. Nordstrom, Inc.*, 294 F.R.D. 550, 567 (S.D. Cal. 2013) (applying *Bluford* to commission-only pay structure). No exemptions to minimum wage requirements apply to Plaintiff. Hence, Defendants were obligated to pay Plaintiff and the putative class ten minutes of pay at a rate of no less than the minimum wage for each rest period Defendants provided. Defendants' failure to do so results in minimum wage liability, and Plaintiff seeks such amounts for unpaid minimum wages and liquidated damages for all unpaid rest periods.

By not paying Plaintiff and the putative class for their rest periods, Defendants did not provide rest periods in accordance with California law. (*Vaquero v. Stoneledge Furniture LLC* (2017) 9 Cal.App.5th 98, 115, as modified (Mar. 20, 2017), review filed (Apr.10.2017).) Plaintiff therefore seeks one additional hour of pay at each employee's regular rate of compensation for each workday that such paid rest period was not so provided, pursuant to section 226.7.

Finally, Labor Code section 1198 provides that the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful. To the extent the Ecolab made Plaintiff work beyond the maximum hours of work and standard conditions fixed by the Labor Commission, and failed to remit lawful payment for those hours, Ecolab will have violated Labor Code section 1198.

### 2. Civil Penalties Sought

Labor Code section 203 provides: "(a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days..." As it is alleged that Ecolab has violated Labor Code sections 201 and 202, Plaintiff will, on behalf of himself and all other similarly-situated individuals, seek the civil penalties available under Labor Code section 203.

Labor Code section 210 establishes a civil penalty for violations of Labor Code section 204. Every person who fails to pay the wages of each employee as provided in section 204 shall be subject to a civil penalty as follows:
(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; and
(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

As it is alleged that Ecolab violated Labor Code section 204, Plaintiff will, on behalf of the PAGA Class, seek the civil penalties available under Labor Code section 210.

Labor Code section 226.3 provides:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.

As it is alleged that Ecolab violated Labor Code section 226, subdivision (a), Plaintiff will seek, on behalf of himself and the PAGA Class, the civil penalties available under Labor Code section 226.3.

Labor Code section 558 provides for a civil penalty against employers who violate Labor Code section 510. The civil penalty is as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. See also, *Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal.App. 4th 1112 (2012).

As it is alleged that Ecolab violated Labor Code section 510, Plaintiff will seek, on behalf of himself and all other similarly-situated individuals, the civil penalties available under Labor Code section 558.

Labor Code section 1194.2(a) provides for liquidated damages for payment of a wage less than the minimum wage fixed by an order of the commission or by statute. Section 1194.2{a) entitles the employee to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Plaintiff alleges that Ecolab violated section 1194.2(a) by failing to pay minimum wages to the PAGA Class.

Labor Code section 1194.3 provides for the recovery of attorney's fees and costs incurred to enforce a court judgment pursuant to unpaid wages pursuant to Labor Code section 1194. Plaintiff alleges that Ecolab violated section 1194 by failing to pay minimum wage and overtime, and that Plaintiff is therefore entitled to recover attorney's fees.

---

[1] In *Thurman*, the court provided that employees, in certain circumstances, could seek the entire amount of alleged underpaid wages as penalties in a PAGA action. As pointed out by *Thurman*, PAGA provides "any provision of this code [California Labor Code] that provides for a civil penalty ...

for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee ...." (Emphasis added.)
Labor Code section 1197.1 provides for recovery for employees who are paid a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission. For an initial violation that is intentionally committed, the penalty is one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.

This.amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to section 203. For each subsequent violation for the same specific offense, the penalty is two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203. Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203 and recovered pursuant to this section shall be paid to the affected employee.

Labor Code section 2699 provides for a civil penalty for the violation of Labor Code sections that lack a civil penalty provision of their own. The civil penalty is as follows: "If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($lOO) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

Plaintiff alleges that Ecolab has potentially violated the following civil-penalty-Iess Labor Code sections: 201, 202, and 203.

IWC Wage Order 5-2001 provides for a civil penalty to be assessed against an employer who violates its provision. Section 20 thereof states, in relevant part:

(A) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to the civil penalty of:

(1) Initial Violation - $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages.

(2) Subsequent Violations - $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages.

Plaintiff will seek, on behalf of himself and all other similarly-situated individuals, this additional civil penalty against Ecolab for its violation of IWC Wage Order 5-2001, section 3(A), as well as any additional violation of said Wage Order.

May 18, 2017
Page 7 of 7

### CONCLUSION

Pursuant to California Labor Code section 2699.5, a violation of the above-cited statutes and regulations may form the basis for a PAGA action against Ecolab. However, as required by law, aggrieved employees like Mr. Bankwitz must first give the Labor and Workplace Development Agency the opportunity to pursue the offending employer before bringing their own PAGA action to collect civil penalties associated with the violation of the above-cited statutes and regulations.

In addition, pursuant to this letter and the enclosures, Mr. Bankwitz is complying with the updated requirements for PAGA claims; specifically, this claim notice letter will also be filed online, with copies sent by certified mail to the employer. Enclosed is a filing fee of $75, as required by the amended statute.

Please let me know if your agency intends to investigate the matter. If not, Mr. Bankwitz intends to pursue his PAGA claims in a civil action, pursuant to law.

Very truly yours,

**STRAUSS & STRAUSS**
A Professional Corporation

Andrew C. Ellison, Esq.

ACE