Alejandro P. Gutierrez, SBN 107688
agutierrez@hathawaylawfirm.com
**HATHAWAY, PERRETT, WEBSTER, POWERS,**
**CHRISMAN & GUTIERREZ, APC**
5450 Telegraph Road, Suite 200, Ventura, CA 93006-3577
Tel: (805) 644-7111; Fax: (805) 644-8296

Daniel J. Palay, SBN 159348
djp@calemploymentcounsel.com
Brian D. Hefelfinger, SBN 253054
bdh@calemploymentcounsel.com
**PALAY HEFELFINGER, APC**
1484 E. Main Street, Suite 105-B, Ventura, CA 93001
Tel: (805) 628-8220; Fax: (805) 765-8600

Michael A. Strauss, SBN 246718
mike@strausslawyers.com
Andrew C. Ellison, SBN 283884
andrew@strausslawyers.com
**STRAUSS & STRAUSS, APC**
121 North Fir Street, Suite F, Ventura, CA 93001
Tel: (805) 641-6600; Fax: (805) 641-6607

**Counsel for Plaintiffs and the Putative Class**

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BANKWITZ, an individual; WILLIAM JACOBO, an individual; on behalf of themselves and other persons similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>ECOLAB INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 3:17-cv-02924-EMC<br><br>CLASS ACTION<br><br>**_FOURTH AMENDED_ COMPLAINT FOR:**<br><br>**1) FAILURE TO PAY OVERTIME AND DOUBLETIME PREMIUM WAGES ;**<br>**2) PAY STUB VIOLATIONS;**<br>**3) UNFAIR COMPETITION;**<br>**4) FAILURE TO TIMELY PAY FINAL WAGES;**<br>**5) FAILURE TO PAY MINIMUM WAGES;**<br>**6) FAILURE TO PROVIDE LEGALLY COMPLIANT REST PERIODS;**<br>**7) CIVIL PENALTIES UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT [PAGA];**<br>**8) REPORTING-TIME VIOLATIONS;**<br>**9) FAILURE TO PROVIDE LEGALLY COMPLIANT MEAL PERIODS;**<br>**10) FAILURE TO REIMBURSE FOR BUSINESS EXPENSES; and**<br>**11) FAILURE TO PAY SPLIT-SHIFT PREMIUMS**<br><br>**DEMAND FOR JURY TRIAL** |

1    **TO ALL INTERESTED PARTIES HEREIN AND TO THEIR ATTORNEYS OF**

2    **RECORD:**

3         COME NOW, Plaintiffs ROBERT BANKWITZ, WILLIAM JACOBO, ("Plaintiffs") and the

4    putative class, and submit the following Fourth Amended Complaint against ECOLAB INC. and DOES

5    1 through 100, inclusive (collectively "Ecolab" or "Defendants"), and each of them as follows.

6    **INTRODUCTION**

7         1.    This is a class action brought by Plaintiffs, on behalf of themselves and all others

8    similarly situated.  Plaintiffs and those similarly situated are or were employed by Defendants as

9    Hospitality Territory Managers ("HTMs"), Territory Managers ("TMs"), and/or Territory Sales

10    Representatives ("TSRs"), and were denied proper compensation as required by state wage-and-hour

11    laws.

12         2.    Defendants misclassified Plaintiffs and the Putative Class, as that term is defined in

13    paragraph 15 herein, as exempt from California wage-and-hour laws.  The misclassification resulted in

14    unpaid overtime, doubletime, reporting-time, split-shift and minimum wages, unpaid meal and rest

15    period premiums, final pay violations, and wage statement violations.

16         3.    Plaintiffs seek damages, restitution, statutory penalties, civil penalties under the

17    California Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq.*, and injunctive relief

18    to cause Defendants to begin paying overtime and doubletime premiums to all putative class members

19    in California.

20         4.    In conclusion, the Plaintiffs seek relief for the Class under California wage-and-hour law

21    to remedy Defendants' continued failure to pay all wages due, pay appropriate overtime compensation,

22    pay waiting-time penalties, provide accurate wage statements, and other violations of the California

23    Labor Code, California IWC Wage Orders, and California Business and Professions Code as alleged

24    herein.

25    **VENUE AND JURISDICTION**

26         5.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d), under the Class

27    Action Fairness Act ("CAFA"), because there is diversity of parties and the amount in controversy

28    exceeds $5,000,000.  This Court has supplemental jurisdiction over the state law claims asserted herein

1   pursuant to 28 U.S.C. § 1367.

2       6.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  At all times material

3   herein, Defendant Ecolab Inc. has been actively conducting business in the State of California and within

4   the geographic area encompassing the Northern District of the State of California, where it employs

5   dozens of putative class members.  Further, venue is proper in this district as this case is related to the

6   matter of *Martino et al v. Ecolab Inc.*, N.D. Cal. Case No. 3:14-cv-04358-VC, previously litigated in

7   this District.

8       7.    Jurisdiction over Plaintiffs' state law class action claims under the California Labor Code

9   and the claim under § 17200 of the California Business and Professions Code are based upon this Court's

10  supplemental jurisdiction under 28 U.S.C. § 1367(a), because the state law claims are so related to

11  Plaintiffs' CAFA claims that they form a part of the same case or controversy between Plaintiffs and

12  Defendants.

**THE PARTIES**

13

14      8.    At all times herein mentioned, Plaintiff Robert Bankwitz was an employee of Defendants,

15  working in the state of California as a Territory Manager, from in or about 2013 through early 2020.

16      9.    At all times herein mentioned, Plaintiff William Jacobo was an employee of Defendants,

17  working in the state of California as a Hospitality Territory Manager, from in or about 2015 through the

18  present.

19      10.    Unless otherwise stated, at all times herein mentioned Plaintiff Bankwitz was an

20  individual residing in the County of Los Angeles, State of California.

21      11.    Unless otherwise stated, at all times herein mentioned Plaintiff Jacobo was an individual

22  residing in the County of Los Angeles, State of California.

23      12.    At all times herein mentioned, Plaintiffs are informed and believe and, based on such

24  information and belief, thereon allege that Ecolab Inc., is a Delaware corporation that does business (and

25  employs dozens of putative class members) in the Northern District of California.

26      13.    The true names and capacities, whether individual, corporate, associate, representative

27  or otherwise, of the defendants identified herein as Does 1 through 100, inclusive, are unknown to

28  Plaintiffs, who therefore sue these defendants by said fictitious names.  Plaintiffs will amend this

1    Complaint to allege the true names and capacities of Does 1 through 100 when they have been

2    ascertained.  Does 1 through 100 are in some manner legally responsible for the wrongs and injuries

3    alleged herein.

4         14.    Each of the Defendants acted as the agent or employee of the others and each acted within

5    the scope of that agency or employment.

6                              **CLASS ACTION ALLEGATIONS**

7         15.    Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of

8    Civil Procedure on behalf of the following defined class ("Class"):

> The Class is made up of Plaintiffs Bankwitz and Jacobo and all other current and
> former Ecolab employees who worked as TMs and/or HTMs and/or TSRs in
> California at any time from May 22, 2013, except those who: (i) filed an arbitration
> complaint asserting the same or similar claims as Bankwitz and Jacobo that is
> presently pending and has not been adjudicated to a final award, dismissed, or
> resolved by an offer of compromise; (ii) accepted an offer of settlement of their
> individual claims and released their wage and hour claims against Ecolab; (iii) are
> represented by Plaintiffs' counsel for purposes of pursuing their individual wage
> and hour claims but have not filed an arbitration complaint; or (iv) were hired as a
> TSR on or after January 5, 2020, and did not hold a TM or HTM position between
> May 22, 2013 and January 4, 2020. The Class excludes any individual who
> participated in the settlement of the case entitled *Martino v. Ecolab*, U.S. District
> Court for the Northern District of California, Case No. 5:14-cv-04358, and whose
> claims are completely barred by the *Martino* settlement.

16        16.    <u>Numerosity</u>: The Class represents over 25 persons and is so numerous that the joinder of

19    each member of the Class is impracticable.

20        17.    <u>Typicality</u>: Plaintiffs' claims are typical of the members of the Class. Plaintiffs are

21    informed and believe that, like other HTMs, TMs, and TSRs, they routinely worked more than forty

22    hours per week, and more than eight (or even twelve) hours per day, during the relevant time period.

23    Plaintiffs had the same duties and responsibilities as other Class members.  Plaintiffs and the Class were

24    subject to Defendants' policy and practice of improperly treating and classifying HTMs, TMs, and/or

25    TSRs as "exempt" from state overtime laws, failing to pay appropriate overtime compensation and

26    minimum wages, failing to timely pay all wages due, failing to provide accurate itemized wage

27    statements, failing to provide meal and rest periods, failing to pay reporting time wages and split-shift

28    premiums, and failing to maintain accurate records of hours worked.

18.     Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants such as Ecolab.  The members of the Class that Plaintiffs represent have no plain, speedy or adequate remedy at law against Defendants, other than by maintenance of this class action, because Plaintiffs are informed and believe, and on such information and belief allege, that the damage to each member of the Class is relatively small and that it would be economically infeasible to seek recovery against Defendants other than by a class action.

19.     Adequacy: Plaintiffs will fairly and adequately represent the interests of the Class, because Plaintiffs are members of the Class, and Plaintiffs' claims are typical of those in the Class.

20.     Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. The common questions of law and fact that predominate in this matter include:

   a.   Whether Defendants improperly treated Plaintiffs and the members of the Class as exempt from overtime and other provisions of the California Labor Code and Industrial Wage Orders;

   b.   Whether Defendants unlawfully failed to pay appropriate overtime and/or doubletime compensation to the Plaintiffs and the members of the Class in violation of California Labor Code §§ 510 and 1194, and the California Industrial Wage Orders;

   c.   Whether Plaintiff Bankwitz and the members of the Class who are no longer employed by Defendants are entitled to waiting time penalties pursuant to California Labor Code § 203;

   d.   Whether Defendants provided adequate itemized wage statements to the Plaintiffs and the members of the Class pursuant to California Labor Code § 226;

   e.   Whether Defendants' conduct violated the California Unfair Practices Act set forth in the Business and Professions Code § 17200 *et seq.* by violating

**FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

the state and federal laws as set forth herein;

    f.    Whether Defendants paid the minimum wage for all hours worked;

    g.    Whether Defendants provided legally compliant meal and rest periods as required by California law;

    h.    Whether Defendants paid split-shift premiums owed to the Class;

    i.    Whether Defendants engaged in a policy and practice which failed to remit payment for reporting-time violations;

    j.    Whether Defendants failed to reimburse Plaintiffs and members of the Class for necessary business expenses;

    k.    The proper measure of damages sustained by the Plaintiffs and the Class; and

    l.    Whether Defendants' actions were "willful" and/or "knowing and intentional."

21.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.  Further, adjudication of each individual member's claims as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.  (*See* Order Granting Class Certification, *Martino et al v. Ecolab Inc.*, N.D. Cal. Case No. 3:14-cv-04358-PSG [39]).

22.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.  Specifically, Plaintiffs and the putative class are entitled to wages under California law, and yet Defendants continue to fail to pay all wages owed to Plaintiffs and the putative class here.  (*See, Id.*)

23.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions only affecting individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the

members of the Class the overtime and double-time pay to which they are entitled. The damages suffered by the individual Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.  (*See, Id.*)

24.     Plaintiffs intend to send notice to all members of the Class to the extent required by Rule 23.   The names and addresses of the members of the Class are ascertainable and available from Defendants.

## FIRST  CAUSE OF ACTION

***Failure To Pay Overtime And Double-time Premium Wages Pursuant to California Law***

**(Action Brought By Plaintiffs On Behalf Of Themselves And the Class Against All Defendants)**

25.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

26.     California law requires payment of overtime premium pay for all hours worked by non-exempt employees in excess of eight in one day or 40 hours in one week and for the first eight hours on the seventh-straight day of work in one workweek.  Lab. Code § 510.  It further requires payment of double-time premium pay for all hours worked by non-exempt employees in excess of twelve hours in one day or in excess of eight hours on the seventh straight day of work in a single workweek.  *Id.*

27.     Plaintiffs and the Class regularly worked hours for which they were not paid overtime or double-time premium wages, including for hours they worked in excess of eight in a day, 40 in a week, and on the seventh straight day of work in a workweek.  By way of example, Plaintiffs regularly worked in excess of eight hours each day due to the nature of the business and the fact that they regularly had to attend to emergency service calls for their customers.  Additionally, on a rotating basis, Plaintiffs performed "weekend duty" work, which required them to be on call and respond to customer calls and emergency service calls during the weekend.  The weekend duty time was not compensated by Defendants.  Plaintiffs and the Class also regularly had to perform "installs" after hours, which resulted in workdays in excess of 12 hours and no additional overtime premium pay.  They also had to perform preliminary and after-hours work at their homes, which added to their daily and weekly tally of uncompensated overtime hours worked.

28.     Plaintiffs and the Class seek such overtime and double-time premium wages owed to them for the three-year period measured backward from the date of the filing of the initial Complaint in this matter.  (In the Unfair Business Practices cause of action stated herein, Plaintiffs and the Class seek restitution of unpaid overtime and double-time wages due for the four-year period measured backward from the date of the filing of the initial Complaint in this matter.)

29.     The exact amount of overtime and double-time premium wages owed will not be fully ascertained until discovery is completed.  Until Defendants produce the necessary documents for an accounting, Plaintiffs are unable to determine the exact amount of overtime and double-time premium wages owed.  Additionally, Defendants did not keep accurate records of the hours Plaintiffs and the other Class members worked.

30.     Labor Code § 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of § 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with § 200) of Division 2."  Interest is also available under Labor Code § 1194.  Plaintiffs seek such interest on all overtime and double-time premium wages owed to themselves and the Class for the three-year period measured backward from the date of the filing of the initial Complaint in this matter.

31.     Pursuant to Labor Code § 1194, Plaintiffs request the Court to award Plaintiffs' reasonable attorney's fees and costs incurred in this action.

## SECOND CAUSE OF ACTION

### *Pay Stub Violations*

**(Action Brought By Plaintiffs On Behalf Of Themselves And The Class Against All Defendants)**

32.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

33.     California Labor Code § 226 provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in

8

writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of § 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

34.     In this case, Defendants have failed to provide such wage deduction statements to Plaintiffs and the Class in that their wage deduction statements do not include, without limitation, their accurate gross wages earned, all overtime/double-time hours worked, net wages earned, itemized compensation for rest and meal periods, or all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.  Plaintiffs' wage deduction statements show, rather, that Plaintiffs worked 86.67 hours per week, regardless of how many actual hours they worked.  Defendants have intentionally failed to put the information required by § 226(a) on the paycheck stubs.

35.     Pursuant to Labor Code § 226(e), damages are appropriate.  At this time, Plaintiffs believe and allege that they and the Class are owed the maximum allowable penalty under § 226(e) because Defendants intentionally failed to provide adequate paycheck stubs.  However, the exact amount of damages under Labor Code § 226(e) will not be fully ascertained until discovery is completed.  Until Defendants produce the necessary documents for an accounting, Plaintiffs are unable to determine the exact amount of damages under Labor Code § 226(e).

36.     Pursuant to Labor Code § 226(e), Plaintiffs request the court to award Plaintiffs' reasonable attorney's fees and costs incurred by Plaintiffs in this action.

**FOURTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

### THIRD CAUSE OF ACTION

#### *Unfair Competition*

**(Action Brought By Plaintiffs On Behalf Of Themselves And The Class Against All Defendants)**

37.     Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as though fully set forth herein.

38.     This cause of action is being brought pursuant to California Business and Professions Code §17200 *et seq*. and California case law including *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.App.4th 163 (2000).

39.     It is alleged that Defendants have willfully failed to pay Plaintiffs and the Class the state-mandated overtime and double-time premium wages, minimum wages, meal and rest period premiums, and business expense reimbursements.  The failure to pay such wages and expenses under state and federal law constitutes unfair business practices under California Business and Professions Code §17200.

40.     As a result of the conduct of Defendants, Defendants profited from breaking the law. Plaintiff and the Class seek disgorgement of Defendants' unlawfully obtained benefits (plus interest thereon) for the four-year period measured backward from the date of filing of the initial Complaint in this matter.

41.     California Business and Professions Code §17203, under the authority of which a restitutionary order may be made, provides:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.  The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use of employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

42.     As a result of the alleged aforesaid actions, Plaintiff and the Class have suffered injury in fact and have lost money as a result of such unfair competition.

43.     Business and Professions Code §17204 authorizes injunctive relief to be sought by "any

person acting for the interests of itself, its members, or the general public." *See Herr v. Nestle U.S.A., Inc.*, 109 Cal. App. 4th 779, 789 (2003). Plaintiff Jacobo, who has suffered (and continues to suffer) injury in fact, seeks injunctive relief on his own behalf and on behalf of those members of the Class who, like him, remain employed by Defendants and continue to work overtime and double-time hours without any pay therefor. Plaintiff Jacobo, who is currently employed by Defendants, and such members of the Class are under a real and/or immediate threat of repeated injury due to Defendants' failure to pay them overtime wages under California law. Defendants continue to suffer and permit Plaintiff Jacobo and the Class to work overtime hours, as those terms are defined under Labor Code § 510 and the relevant IWC Wage Order, and yet do not compensate them with overtime premiums as required by California law. Plaintiff Jacobo, therefore, seeks injunctive relief to enjoin Defendants' ongoing unfair trade practices, including without limitation Defendants' continued failure to pay overtime and double-time premium wages as required by the California Labor Code and the relevant IWC Wage Order.

## **FOURTH CAUSE OF ACTION**

### ***Failure To Timely Pay Wages At Termination***

### **(Action Brought By Plaintiff Bankwitz On Behalf Of Himself And The Class Against All Defendants)**

44.     Plaintiff Bankwitz incorporates by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

45.     Labor Code §201 provides, in relevant part, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Lab. Code § 201(a). Labor Code §202 provides, in relevant part, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Lab. Code § 202(a). Defendants did not pay immediately all wages earned and unpaid to Plaintiff Bankwitz and the Class upon their discharge or resignation. Defendants have refused and continue to refuse to pay said wages.

46.     Pursuant to Labor Code § 203, Defendants have willfully failed to pay without abatement or reduction, in accordance with Labor Code §§ 201 and 202 all of the overtime, vacation, and double-time wages of the Plaintiff Bankwitz and the Class, as herein alleged.  (As for Plaintiff Bankwitz, his employment with Defendants ended in or about January 2020.)  Plaintiff Bankwitz seeks wages and waiting-time penalties pursuant to Labor Code § 203 on behalf of himself and the Class.  These penalties consist of up to 30 days of pay for Plaintiff Bankwitz and the Class at their regular rates of pay.

47.     Plaintiff Bankwitz and the Class have been available and ready to receive wages owed to them.

48.     Plaintiff Bankwitz and the Class have never refused to receive any payment, nor have they been absent from their regular places of residence.

49.     Defendants' failure to pay wages due and owing Plaintiff Bankwitz and the Class, as indicated in prior paragraphs, was willful; Defendants have knowingly refused to pay any portion of the amount due and owning Plaintiff Bankwitz and the Class.

### FIFTH CAUSE OF ACTION

#### *Failure To Pay Minimum Wages*

**(Action Brought By Plaintiffs On Behalf Of Themselves And The Class Against All Defendants)**

50.     Plaintiffs incorporate by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

51.     Section 1197 of the Labor Code establishes California's minimum wage.  Until July 1, 2014, the minimum wage in California was $8.00 per hour, and it increased to $9.00 on that date; it increased to $10 per hour on January 1, 2016.  Lab. Code § 1182.12.

52.     Labor Code § 1194 creates a cause of action for employees to recover unpaid wages from an employer who fails to pay them at the legal minimum wage or overtime rate.

53.     Labor Code § 1194.2 allows an employee to recover liquidated damages for a violation of Labor Code § 1194 as it pertains to unpaid minimum wages.  "In any action under section … 1194 … to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." Lab. Code § 1194.2, subd. (a).

54.     Plaintiffs seek unpaid minimum wages and liquidated damages on behalf of themselves and the putative class pursuant to Labor Code §§ 1194, 1194.2, and 1197.  Plaintiffs' minimum wage claims stem from the fact that Defendants paid Plaintiffs and the putative class on a commission-only basis.  This payment structure violates California's minimum wage laws.  An employer must compensate its nonexempt employees at a rate of no less than the minimum wage for every hour worked in a pay period.  *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th 314, 324 (2005).  An employer cannot attribute commission wages paid in one pay period to other pay periods in order to satisfy California's compensation requirements.  *Peabody v. Time Warner Cable, Inc.*, 59 Cal. 4th 662, 669 (2014) ("[P]ermitting wages paid in one pay period to be attributed to a different pay period would be inconsistent with the Labor Code.").

55.     Defendants violated California's minimum wage laws by not paying Plaintiffs and the putative class members for each of their ten-minute rest periods, which are required by California law.  Employees are entitled to "a paid 10-minute rest period per four hours of work."  *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864, 871 (2013).  Under the rule of *Armenta v. Osmose, Inc.*, 135 Cal. App. 4th at 323, rest periods must be separately compensated in a commissioned or piece-rate system.  *Bluford*, 216 Cal. 4th at 872.  "[A] piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law."  *Id.*; *Balasanyan v. Nordstrom, Inc.*, 294 F.R.D. 550, 567 (S.D. Cal. 2013) (applying *Bluford* to commission-only pay structure).  No exemptions to minimum wage requirements apply to Plaintiffs.  Hence, Defendants were obligated to pay Plaintiffs and the putative class ten minutes of pay at a rate of no less than the minimum wage for each rest period Defendants provided.  Defendants' failure to do so results in minimum wage liability, and Plaintiffs seek such amounts for unpaid minimum wages and liquidated damages for all unpaid rest periods.

56.     Plaintiffs additionally allege that for the first two weeks of every month, they were only paid a recoverable draw against future commissions.  Plaintiffs allege the because the draw payment was deducted from the subsequent check, Plaintiffs were not paid any wages for the first two weeks of each month.  Under the rule of *Vaquero v. Stoneledge Furniture LLC,* 9 Cal.App.5th 98 (2017), draws against future commissions that were clawed back were not wages at all.

57.     Plaintiffs seek all minimum wages owed to themselves and the putative class under the aforementioned theories.  Plaintiffs also seek liquidated damages pursuant to Labor Code§§ 1194.2.

58.     Plaintiffs seek all attorney's fees and costs incurred and interest on all minimum wages owed.  *See* Lab. Code §§ 218.6 and 1194, subd. (a).

59.     Labor Code § 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with section 200) of Division 2."

60.     Pursuant to Labor Code § 1194, Plaintiff requests the Court to award Plaintiffs' reasonable attorney's fees and costs incurred in this action.  Plaintiff also requests all unpaid wages, liquidated damages, waiting-time penalties and interest.  The exact amount of actual wages, and statutory interest thereon, and penalties owed will not be fully ascertained until discovery is completed.  Until Defendants produce the necessary documents for an accounting, Plaintiff is unable to determine the exact amount of wages owed.

## SIXTH CAUSE OF ACTION

### *Failure to Provide Legally Compliant Rest Periods*

**(Action Brought By Plaintiffs On Behalf Of Themselves And The Class Against All Defendants)**

62.     Plaintiffs incorporate by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

63.     Employees are entitled to "a paid 10-minute rest period per four hours of work." *Bluford*, 216 Cal. App. 4th at 871 (emphasis added); 8 Cal. Code Regs. § 11070, subd. 12(A).

64.     "If an employer fails to provide an employee a … rest … period in accordance with a state law…, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the … rest … period is not provided." Lab. Code § 226.7(c).

65.     By not paying Plaintiffs and the putative class for their rest periods, Defendants did not provide rest periods in accordance with California law. *Vaquero v. Stoneledge Furniture LLC*, 9 Cal.App.5th 98, 115 (2017). Plaintiffs therefore seeks one additional hour of pay at each employee's regular rate of compensation for each workday that such paid rest period was not so provided, pursuant

to § 226.7.

66.     Plaintiff seeks interest pursuant to law on all amounts owed for rest period premiums under § 226.7.

## SEVENTH CAUSE OF ACTION

### *For Civil Penalties Under The Labor Code Private Attorneys General Act*

**(Action Brought By Plaintiffs, As Private Attorneys General, Against ECOLAB, INC.**

**And DOES 1 Through 100)**

67.     Plaintiffs re-allege and incorporate by reference the allegations set forth at paragraphs 1 through 66, as though fully set forth herein.

69.     Plaintiffs bring this cause of action against Defendants and Does 1 through 100 (hereinafter referred to collectively as "Defendants") in their capacity as private attorney generals (*i.e.* as proxies or agents of the State of California) to recover civil penalties under the Private Attorneys General Act of 2004, which is codified in *Labor Code* § 2699 et seq. (herein "PAGA"), for Defendants' violations of the Labor Code enumerated herein.

70.     Plaintiffs are informed, believe, and thereon allege that at all times pertinent hereto each was an "aggrieved employee" of Defendants, as that phrase is statutorily defined pursuant to Labor Code § 2699(c); in particular, Plaintiffs were persons employed by the alleged violators (i.e., Defendants), and against whom one or more of the alleged violations was committed.

71.     Plaintiffs have complied with all procedural requirements of the PAGA.  In particular, on May 18, 2017, Plaintiffs gave written notice by certified mail, and via web portal, to the California Labor and Workforce Development Agency and Defendants of the specific provisions of the Labor Code alleged to have been violated by Defendants, including the facts and theories to support the alleged violations (the "Notice"). An amended written notice was provided to the California Labor and Workforce Development Agency and the Defendants on June 27, 2020.

72.     True and correct copies of Plaintiffs' Notices to the California Labor and Workforce Development Agency and the amendment thereto are attached hereto collectively as Exhibit "A".

73.     Plaintiffs are informed, believe, and thereon allege that each is statutorily authorized to commence a civil action against Defendants pursuant to the PAGA, including Labor Code §§ 201, 202,

203, 204, 210, 219, 226, 226.3, 226.7, 512, 510, 558, 1174, 1174.5, 1194, 1194.2, 1194.3, 1197, 1197.1, 1198, 2802, 2926, 2698, 2699.3 and 2699.5; Business and Professions Code § 17200; and IWC Wage Order 5-2001; as the California Labor and Workforce Development has failed to notify them that it intends to investigate the alleged violations within sixty five (65) calendar days of the postmark date of their receipt of each Notice and at least sixty five (65) calendar days have elapsed from the postmark date of each Notice, with the California Labor and Workforce Development having not provided notification of any intention to investigate the alleged violations.

74.     Labor Code § 201 requires immediate payment of all wages owed at the termination of employment.  It is alleged that within the last year of the filing of the Complaint, Class Members have been terminated and have not received all wages owed at their termination.  Plaintiff seeks civil penalties on behalf of themselves and all others similarly situated under Labor Code § 2699, subd. (f) or any other statute that provides for civil penalties for such violations of law.

75.     Labor Code § 202 requires payment of all wages owed within 72 hours of the resignation of an employee, unless the employee gives more than 72-hours' notice, in which case wages are owed at the employee's resignation.  It is alleged that within the last year of the filing of the Complaint, Class Members have resigned and have not received all pay owed in a timely fashion after their resignation. Plaintiffs seek civil penalties on behalf of themselves and all others similarly situated under Labor Code § 2699, subd. (f) or any other statute that provides for civil penalties for such violations of law.

76.     Labor Code § 510 requires employers to pay nonexempt workers overtime premium wages when they work more than eight hours in one day or over forty hours in one week, and for the first eight hours worked on the seventh straight day of work in a single workweek. This statute also requires employers to pay nonexempt workers double-time premium wages when they work more than 12 hours in one workday and for all hours worked in excess of eight on the seventh straight day of work in one workweek.

77.     In this matter, it is alleged that Ecolab and Does 1 through 50 intentionally denied the Putative Class wages that should have been paid and violated California Labor Code § 510 and applicable IWC wage orders. Specifically, California law requires that the payment of a non-discretionary bonus must be included in the calculation of the overtime hourly rate. This did not occur.

Defendants have, as a result, violated the aforementioned Labor Code sections by not paying all overtime and/or double-time wages to Plaintiffs and their fellow hourly employees in California from March 15, 2013 to the present.

78.     IWC Wage Order 5-2001 § 3(A) mirrors the overtime and double-time requirements of Labor Code § 510. Defendants violated Wage Order 5-2001 by not paying overtime or double-time wages to the Putative Class at the correct hourly rates.

79.     Labor Code § 201 requires immediate payment of all wages owed at the termination of employment. It is believed that within the last year, Defendants' hourly employees in California have been terminated and have not received their overtime or double-time wages owed at their termination.

80.     Labor Code § 202 requires payment of all wages owed within 72 hours of the resignation of an employee, unless the employee gives more than 72 hours' notice, in which case wages are owed at the employee's resignation. It is alleged that Defendants' hourly employees in California have resigned and have not received their overtime or double-time wages owed in a timely fashion as required by Labor Code § 202.

81.     Labor Code § 204 sets timetables for when wages are due each pay period. In effect, most wages earned during a pay period must be paid at the conclusion of that pay period, or the conclusion of the next pay period (in the case of wages earned for labor in excess of the normal work period). Here, overtime wages were owed each pay period in which individuals worked overtime hours, and yet Defendants did not timely pay them the earned overtime, or all minimum wages due.

82.     Labor Code § 219 provides that an employer may not circumvent by way of private agreement the requirements of the wage-and-hour laws of the Labor Code. To the extent that Defendants have promulgated wage-and-hour and payroll card policies that do not comply with California law, or that Defendants will argue that Plaintiff and Putative Class members agreed to work overtime and/or double-time hours for no additional compensation, Defendants will have violated Labor Code § 219.

83.     Labor Code § 226, subdivision (a) requires employers to put specific, accurate information on their employees' paycheck stubs. This information includes the actual number of hours worked and the applicable rates of pay. Defendants failed to include necessary information on Plaintiff's paycheck stubs, and it is alleged that the violation of Labor Code § 226, subdivision (a) extends to all

other Putative Class members.

84.     Labor Code § 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to receive in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit. To the extent that Defendants will argue that the employees agreed to work overtime and/or double-time hours for no additional compensation, and failed to pay minimum wages to Plaintiff, Defendants will have violated Labor Code § 1194(a).

85.     Labor Code § 203 provides: "(a) If an employer willfully fails to pay, without abatement or reduction, in accordance with §s 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days…" As it is alleged that Defendants have violated Labor Code §s 201 and 202, Plaintiffs will, on behalf of themselves and all other similarly situated individuals, seek the civil penalties available under Labor Code § 203.

86.     Labor Code § 210 establishes a civil penalty for violations of Labor Code § 204. Every person who fails to pay the wages of each employee as provided in § 204 shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; and (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld. As it is alleged that Defendants violated Labor Code § 204, Plaintiff will, on behalf of the Putative Class, seek the civil penalties available under Labor Code § 210.

87.     Labor Code § 226.3 provides that any employer who violates subdivision (a) of § 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of § 226.

88.     It is alleged that Defendants violated Labor Code § 226, subdivision (a), Plaintiffs will

seek, on behalf of themselves and the Putative Class, the civil penalties available under Labor Code § 226.3.

89.    Labor Code § 558 provides for a civil penalty against employers who violate Labor Code § 510. The civil penalty is as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. *See also, Thurman v. Bayshore Transit Mgmt., Inc*., 203 Cal. App. 4th 1112 (2012).

90.    It is alleged that Defendants violated Labor Code § 510, Plaintiffs will seek, on behalf of themselves and all other similarly situated individuals, the civil penalties, including all underpaid wages, available under Labor Code § 558.

91.    Labor Code § 1194.2(a) provides for liquidated damages for payment of a wage less than the minimum wage fixed by an order of the commission or by statute. § 1194.2(a) entitles the employee to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Plaintiffs allege that Defendants violated § 1194.2(a) by failing to pay minimum wages to the Putative Class.

92.    Labor Code § 1194.3 provides for the recovery of attorney's fees and costs incurred to enforce a court judgment pursuant to unpaid wages pursuant to Labor Code § 1194. Plaintiff alleges that Defendants violated § 1194 by failing to pay minimum wage and overtime, and that Plaintiffs are therefore entitled to recover attorney's fees.

93.    Labor Code § 1197.1 provides for recovery for employees who are paid a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission. For an initial violation that is intentionally committed, the penalty is one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to § 1194.2, and any applicable penalties imposed pursuant to § 203. For each subsequent violation for the same specific offense, the penalty is two hundred fifty dollars ($250) for each underpaid employee for each pay period

for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to § 1194.2, and any applicable penalties imposed pursuant to § 203. Wages, liquidated damages, and any applicable penalties imposed pursuant to § 203 and recovered pursuant to this § shall be paid to the affected employee.

94.     Labor Code § 2699 provides for a civil penalty for the violation of Labor Code §s that lack a civil penalty provision of their own. The civil penalty is as follows: "If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." Plaintiffs allege that Defendants have violated the following civil-penalty-less Labor Code §§: 201, 202, 203, 212, 219, 221 and 224.

95.     IWC Wage Order 5-2001 (and the other Wage Orders) provide for a civil penalty to be assessed against an employer who violates its provision. § 20 thereof states, in relevant part: (A) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to the civil penalty of: (1) Initial Violation — $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages. (2) Subsequent Violations — $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages.

96.     Plaintiffs will seek, on behalf of themselves and all other similarly situated individuals, this additional civil penalty against Defendants for their violation of the applicable IWC Wage Order, § 3(A), as well as any additional violation of said Wage Order. Labor Code § 203 establishes a statutory penalty for willful violations of Labor Code sections 201 or 202.  There has been a willful violation of Labor Code sections 201 and 202 because, in part, Defendants cannot hide behind their ignorance of the California's wage and hour law.  Plaintiff seeks civil penalties on behalf of themselves and all others similarly situated under Labor Code § 256 for Defendants' violation of sections 201, 202, and 203.

97.     Plaintiffs also seek any civil penalties allowable under the Labor Code that arise out of the same set of operative facts as the claims made in this complaint and/or in the Notice.

98.     Plaintiffs additionally seek any and all available injunctive relief and an award of reasonable attorney's fees and costs pursuant to Labor Code § 2699(g)(1).

99.     Plaintiffs and the Class are informed, believe, and thereon allege that at all times pertinent hereto, Labor Code § 2699(g)(1) provided in pertinent part, "…Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part…."

100.    Plaintiffs request public injunctive relief to end and prevent the Defendants' continued violation of California law.

## EIGHTH CAUSE OF ACTION

### Failure To Pay Reporting-Time Wages

**(Action Brought By Plaintiffs On Behalf Of Themselves And The Class Against All Defendants)**

101.    Plaintiffs incorporate by reference and re-alleges each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

102.    According to IWC Wage Order Nos. 1 through 15, § 5(A) relates that each workday an employee is required to report to work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event less than two (2) hours, nor more than four (4) hours at the employee's regular rate of pay, which shall not be less than the minimum wage.  § 5(B) relates, "If an employee is required to report for work a second time in any one workday and is furnished less than two hours of work on the second reporting, said employee shall be paid for two hours at the employee's regular rate of pay, which shall not be less than the minimum wage."   In *Ward v. Tilly's*, the Court of Appeal held that, for purposes of triggering reporting time pay obligations to a worker, the "an employee need not necessarily physically appear at the workplace to 'report for work.' Instead, 'report[ing] for work' within the meaning of the wage order is best understood as presenting oneself as ordered."  *Ward v. Tilly's, Inc*., 31 Cal. App. 5th 1167, 1185 (2019).

103.    Thus, in this matter Plaintiffs and the Class are owed reporting time wages in the circumstances when they were contacted telephonically (or via text/SMS message) to work, generally by customers, or by Ecolab, but were presented with less than two (2) hours of working time or less than

1   one half their usual shift.  Further, during the statutory period, these events did occur but the Plaintiffs

2   and the putative class were not paid the proper reporting-time payments.

3       104.    In addition, during all times alleged in this complaint, Ecolab did have a written policy

4   which required payment of reporting time wages.  Despite this fact, Ecolab did not remit payment as

5   required both by its policy, and by California law.

6       105.    Plaintiffs seek unpaid reporting-time damages pursuant to both California law and

7   Ecolab's written policy.

8       106.    Plaintiffs seek all attorney's fees and costs incurred and interest on these wages owed.

9   *See* Lab. Code § 218.5.

10      107.    Labor Code § 218.6 states, "[I]n any action brought for the nonpayment of wages, the

11  court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b)

12  of section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable

13  as provided in Part 1 (commencing with section 200) of Division 2."

14      108.    Pursuant to Labor Code § 218.5, Plaintiffs request the Court to award Plaintiffs'

15  reasonable attorney's fees and costs incurred in this action.  Plaintiffs also request all unpaid wages,

16  liquidated damages, waiting-time penalties and interest.

## NINTH CAUSE OF ACTION

### *Failure To Provide Legally Compliant Meal Periods*

### (Brought By Plaintiffs On Behalf Of Themselves And The Class Against All Defendants)

20      109.    Plaintiffs incorporate by reference and re-allege each and every one of the allegations

21  contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

22      110.    California law provides that no employer shall employ any person for a work period of

23  more than five hours without a meal period of not less than 30 minutes. A second meal period is required

24  to be provided after ten hours of work. Lab. Code §§ 226.7, 512, 8 Cal. Code Regs. § 11160, subd. 10.

25      111.    If an employer fails to provide an employee a legally mandated meal period, the employer

26  shall pay the employee one hour of pay at the employee's regular rate of compensation for each five

27  hours of work that the meal period is not provided. Lab. Code § 226.7.

28

112.   Defendants have intentionally and improperly denied meal periods to Plaintiffs and the Class in violation of Labor Code sections 226.7 and 512 and 8 Cal. Code Regs. § 11160, subd. 10.

113.   At all times relevant hereto, Plaintiffs worked more than five hours in a workday (and quite often more than ten hours in a workday). At all relevant times, Defendants have failed to provide meal periods for every five-hour work period as required by California law.

114.   Plaintiffs are informed and believe, and based upon that information and belief allege, that Defendants know or should have known that Plaintiffs were entitled to meal periods but purposely elected to impede or discourage these mandated periods.

115.   Plaintiffs seek meal period premium wages owed to them for the statutory period measured backward from the date of the filing of the initial Complaint in this matter.

116.   The exact amount of meal period premium wages owed will not be fully ascertained until discovery is completed. Until Defendants produce the necessary documents for an accounting, Plaintiffs are unable to determine the exact amount of meal period premium wages owed.

117.   Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2." Plaintiffs seek such interest on all meal period premium wages owed to them and to the Class for the statutory period measured backward from the date of the filing of the initial Complaint in this matter.

## TENTH CAUSE OF ACTION

### *Failure To Reimburse For Business Expenses*

### **(Brought By Plaintiffs On Behalf Of Themselves And The Class Against All Defendants)**

118.   Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

119.   California Labor Code § 2802 provides that California employees must be reimbursed of their employment-related business expenses.

120.   California Labor Code § 2802, states in pertinent part that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by employee in direct consequence of

the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

121.    Defendants violated § 2802 by requiring Plaintiffs to incur costs and other expenses related to the performance of their job duties, including but not limited to storage space expenses for storing parts and related items associated with the service Plaintiffs provided to Defendants' customers, which parts Defendants shipped or caused to be shipped to Plaintiffs' personal residences, with the expectation that Plaintiffs would store the parts at their residences. By this and similar acts, the Defendants have violated § 2802.

122.    Plaintiffs incurred such reasonable and necessary business expenses in order to perform their jobs, and for the benefit of Defendants, but were not fully reimbursed. Plaintiffs have sustained damages and losses in the amount of the expenses incurred by Plaintiffs as required by Defendants for the necessary discharge of their duties.

123.    California Labor Code § 2802(2) provides that employees may recover all reasonable costs, including attorneys' fees, for enforcing their rights under this section. Plaintiffs have incurred costs and attorneys' fees and will continue to incur costs and attorneys' fees to enforce their rights under § 2802. Plaintiffs are entitled to recover their reasonable attorneys' fees and costs in an exact amount to be proved at trial.

## ELEVENTH CAUSE OF ACTION

### *Failure To Pay Split-Shift Premiums*

**(Brought By Plaintiffs On Behalf Of Themselves And The Class Against All Defendants)**

124.    Plaintiffs incorporate by reference and re-allege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

125.    According to IWC Wage Order Nos. 1-15, at section 4(C), "When an employee works a split shift, one hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment."

126.    Plaintiffs worked shifts for which they did not receive a split shift premium. For example, Plaintiffs would arrive home and then be required to report back to work. This would also occur during weekend duty.

127.    Thus, in this matter Plaintiffs and the Class are owed split-shift wages in such circumstances.

128.    Plaintiffs seek such split-shift damages pursuant to California law.

129.    Labor Code section 218.6 states, "[I]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that the wages were due and payable as provided in Part 1 (commencing with Section 200) of Division 2."

130.    Pursuant to Labor Code section 218.5, Plaintiffs request the Court to award Plaintiffs' reasonable attorney's fees and costs incurred in this action. Plaintiff also requests all unpaid wages, liquidated damages, waiting-time penalties and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all members of the Class, pray for relief as follows:

### On the First Cause of Action for Overtime Violations

1.    For overtime and double-time premium wages owed under California law according to proof;

2.    For prejudgment interest pursuant to Labor Code §§ 218.6 and 1194 and Civil Code §s 3288 and 3291 on all amounts claimed;

3.    For attorney's fees and costs pursuant to Labor Code §§ 218.5, 226, and 1194

### On the Second Cause of Action for Pay Stub Violations

4.    For statutory penalties, pursuant to Labor Code § 226(e);

### On the Third Cause of Action for Unfair Competition

5.    For an equitable order, ordering Defendants to pay all former and current employees all wages, interest, and penalties they are owed as restitution;

6.    For an appointment of a receiver to perform an accounting of all monies owed to these employees;

7.    For any and all injunctive relief this Court deems necessary pursuant to California Business and Professions Code § 17203; including an injunction ordering Defendants to begin paying

overtime premiums to their HTMs, TMs, and TSRs in California;

8.    For any and all public injunctive relief as this Court deems necessary, including any injunctive orders to Defendants to comply with California law and/or advise the relevant population or general public of Defendant's misconduct.  (*See, e.g.*, *McGill v. Citibank*, 2 Cal. 5th 945 (2017);

9.    For a declaratory judgment declaring that Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

10.    For prejudgment interest pursuant to California Civil Code §§ 3288 and 3291 on all amounts claimed;

11.    For leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

**On the Fourth Cause of Action for Waiting-Time Penalties**

12.    For waiting-time penalties under Labor Code § 203;

13.    For a declaratory judgment declaring that Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiffs and all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

**On the Fifth Cause of Action for Minimum Wage Violations**

14.    For wages owed according to proof;

15.    For prejudgment interest pursuant to Labor Code § 218.6 and Civil Code §§ 3288 and 3291 on all amounts claimed;

16.    For liquidated damages in an amount equal to the unpaid minimum wages owed under Labor Code § 1194.2;

17.    For attorney's fees and costs pursuant to Labor Code § 1194;

**On the Sixth Cause of Action for Rest Period Violations**

18.    For one additional hour of pay at each employee's regular rate of compensation for each workday that such paid rest period was not so provided, pursuant to Labor Code § 226.7;

19.     For interest pursuant to law on all amounts owed for rest period premiums under § 226.7;

**On the Seventh Cause of Action for Civil Penalties Under PAGA**

20.     For all civil penalties available under the Labor Code;

21.     For reasonable attorney's fees and costs pursuant to California law, including, but not limited to California Labor Code § 2699(g)(1);

22.     For any and all public injunctive relief deemed necessary by the Court and authorized by law, to end Defendants' continued violations of California law;

**On the Eighth Cause of Action for Reporting Time Wages**

23.     For reporting time wages owed according to proof;

24.     For prejudgment interest pursuant to Labor Code § 218.6 and Civil Code §§ 3288 and 3291 on all amounts claimed;

**On the Ninth Cause of Action for Failure to Provide Legally Compliant Meal Periods**

25.     For meal period premiums in an amount according to proof;

26.     For interest pursuant to law on all amounts owed for meal period premiums;

**On the Tenth Cause of Action for Failure to Reimburse for Business Expenses**

27.     For damages for unreimbursed expenses pursuant to Labor Code section 2802, in an amount according to proof;

**On the Eleventh Cause of Action for Failure to Pay Split-Shift Premiums**

28.     For split-shift wages owed according to proof;

29.     For prejudgment interest pursuant to Labor Code section 218.6 and Civil Code sections 3288 and 3291 on all amounts claimed;

**On All Causes of Action**

30.     For prejudgment interest in accordance with applicable law;

31.     For attorney's fees in accordance with applicable law;

32.     For costs of suit, including expert witness and mediation fees; and

33.     For any other and further relief that the Court considers just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury in this matter.

Dated:  November 12, 2020

PALAY HEFELFINGER, APC

By _____

DANIEL J. PALAY

Attorneys for Plaintiffs and
the Putative Class