UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BANKWITZ, et al.,<br><br>           Plaintiffs,<br><br>    v.<br><br>ECOLAB, INC., A DELAWARE CORPORATION,<br><br>           Defendant. | Case No. 17-cv-02924-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE**<br><br>Docket No. 132 |

The Court has reviewed Plaintiffs' motion for preliminary approval. Based on that review, the Court orders the parties to provide supplemental briefing and/or evidence. A joint filing is strongly preferred. If the parties disagree on any issue, they may simply provide their respective positions. The supplemental briefing and/or evidence shall be filed by **December 17, 2020**.

A.   Confidential Global Settlement Agreement

It appears that the instant settlement is part of a global settlement agreement. *See* Sett. Agmt. at 1 (referring to the Confidential Global Settlement Agreement). The parties shall provide a general explanation of what the global settlement agreement is. If the parties wish to file this explanation or any part thereof under seal, they must provide specific reasons why sealing is appropriate.

B.   TMs v. TSRs

The Court understands that Ecolab eliminated the Territory Manager/Hospitality Territory Manager ("TM") position in January 2020. Did the position of Territory Sales Representative ("TSR") replace the TM position, or did TSRs perform the same basic tasks as TMs? Did Ecolab classify TSRs as exempt salespeople?

C.  Class Definition

The operative complaint defines the class for the non-PAGA claims as follows:

> The Class is made up of Plaintiffs Bankwitz and Jacobo and all other current and former Ecolab employees who worked as TMs and/or HTMs [Hospitality Territory Managers] and/or TSRs [Territory Sales Representatives] in California at any time from May 22, 2013, **except** those who: (i) filed an arbitration complaint asserting the same or similar claims as Bankwitz and Jacobo that is presently pending and has not been adjudicated to a final award, dismissed, or resolved by an offer of compromise; (ii) accepted an offer of settlement of their individual claims and released their wage and hour claims against Ecolab; (iii) are represented by Plaintiffs' counsel for purposes of pursuing their individual wage and hour claims but have not filed an arbitration complaint; or (iv) were hired as a TSR on or after January 5, 2020, and did not hold a TM or HTM position between May 22, 2013 and January 4, 2020.  The Class excludes any individual who participated in the settlement of the case entitled *Martino v. Ecolab*, U.S. District Court for the Northern District of California, Case No. 5:14-cv-04358, and whose claims are completely barred by the *Martino* settlement.

4AC ¶ 15 (emphasis added).

The parties shall explain the exceptions in (i), (iii), and (iv) above.  Plaintiffs and/or their counsel shall address whether there may be a conflict of interest on their part because of the exceptions in (i) and (iii).

D.  Released Claims

The released non-PAGA claims are defined as follows:

> [A]ll federal, California state law, and local wage-and-hour claims, rights, demands, liabilities, and/or causes of action of every nature and description, whether known or unknown, including, without limitation, statutory, constitutional, contractual, and/or common law claims for wages, reimbursements, damages, unpaid costs, penalties (including PAGA penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief.  The claims released shall include, without limitation, known and unknown claims relating to any alleged underpayment of wages, retaliation, failure to pay minimum wages, failure to pay or correctly calculate regular and overtime wages, failure to provide meal or rest periods or premium compensation, failure to maintain accurate payroll records, failure to timely pay wages when due, failure to pay reporting time pay, failure to pay split shift wages, failure to reimburse business expenses, and any statutory and/or civil penalty claims including but not limited to claims for inaccurate wage statements, untimely or late pay, and underpayment of wages due at termination, which were or could have been asserted in the *Bankwitz* Action or individual arbitrations under any federal, state, or local

2

statutes, Wage Orders, codes, or ordinances, to the extent permitted by applicable law.

Sett. Agmt. ¶ XV.A. This release is arguably overbroad – in particular, if one were to look at the first sentence above alone, which is not tied to the factual allegations in the operative complaint.

Similarly, the released PAGA claim is arguably overbroad by not clearly being tied to the factual allegations in the operative complaint. *See* Sett. Agmt. ¶ XV.B (referring to "any and all PAGA claims that were asserted or could have been asserted in any LWDA Notice, pleading, or complaint filed in connection with the *Bankwitz* Action asserting claims for penalties under the PAGA, up until and including the date of Final Approval").

The parties shall meet and confer and determine if they can agree on more specific release language. In the filing, they shall propose new release language.

E.  Damages Calculations and Litigation Risks

The damages calculations and/or litigation risks for certain claims are in need of clarification or amplification.

- Count 1. Failure to pay overtime and double-time premium wages. Plaintiffs shall provide a clearer explanation as to how they calculated maximum damages ($3.3 million). *See* Strauss Decl. ¶ 40(d). In addition, the parties shall provide a clearer explanation as to what the parties' dispute is regarding the rate at which overtime pages should have been paid (if Plaintiffs were to prevail). A concrete example would be helpful. *See* Strauss Decl. ¶¶ 40(c), 57.

- Count 5. Failure to pay minimum wages. Plaintiffs shall provide a better explanation as to their theory of liability. A concrete example would be helpful. *See* 4AC ¶¶ 50 *et seq.* In addition, the parties shall provide a clearer explanation as to what is the question of law that poses a litigation risk. *See* Strauss Decl. ¶¶ 44, ¶ 53. Finally, the parties shall provide a clearer explanation as to why there was a risk regarding liquidated damages. *See* Strauss Decl. ¶ 62.

- Count 6. Failure to provide legally compliant rest periods. Plaintiffs shall provide a better explanation as to their theory of liability. A concrete example would be helpful. *See* Strauss Decl. ¶ 54; 4AC ¶ 55. In addition, Plaintiffs shall provide a

3

calculation of maximum damages without any litigation risk (such as that raised by *Sanchez v. Martinez*, 54 Cal. App. 5th 535, 546 (2020)). Finally, the parties shall provide a clearer explanation as to how there might be double compensation in this case (*i.e.*, the risk raised in *Sanchez*). *See* Strauss Decl. ¶¶ 45, 55.

- Count 7. Civil penalties under PAGA. The parties shall explain all risks associated with the PAGA claim. *See* Strauss Decl. ¶ 59 (referring to stacking of penalties for the PAGA claim).
- Count 8. Reporting-time violations. The parties shall explain why TSRs could have a reporting-time claim independent of any overtime claim. In addition, the parties shall provide a clearer explanation of any litigation risks.
- Count 9. Failure to provide legally compliant meal periods. Plaintiffs need to provide a clearer explanation as to how they calculated the maximum damages ($53,000) for this claim. *See* Strauss Decl. ¶ 48.
- Count 11. Failure to pay split-shift premiums. Plaintiffs shall calculate the maximum value of this claim before any litigation risks. *See* Strauss Decl. ¶¶ 50, 59.

F.  Comparable Cases

Plaintiffs have identified *Martino v. Ecolab*, No. C-14-4358 VC (N.D. Cal.), as a comparable case. With respect to *Martino*, it appears that Plaintiffs' counsel was able to secure a more favorable recovery for the class (*e.g.*, based on settlement amount per workweek and average recovery per class member). Plaintiffs' counsel shall explain whether a more favorable recovery was obtained and, if so, why.

Other than *Martino*, can the parties cite other comparable cases?

In addition, how does the non-PAGA award here compare to the awards obtained against Ecolab through arbitration or through settlement? If the parties wish to file their discussion or any part thereof under seal, they must provide specific reasons why sealing is appropriate.

G.  Named Plaintiffs as Class Representatives

Plaintiffs previously had individual arbitrations to resolve non-PAGA claims against

Ecolab. Do Plaintiffs have non-PAGA claims that were *not* addressed in the individual arbitrations? If all of Plaintiffs' non-PAGA claims were addressed in the arbitrations, is it appropriate for Plaintiffs to be class representatives for the non-PAGA claims being addressed in this settlement? *See* Sett. Agmt. ¶ III.C.2 ("Bankwitz and Jacobo will be the class representatives for the Non-Claimant Settlement Class.").

H.  Attorneys' Fees

Plaintiffs shall clarify whether any attorneys' fees requested as part of this settlement will be for services performed in the individual arbitrations. *See* Sett. Agmt. ¶ II.A.1

In addition, Plaintiffs shall estimate how many attorney hours were spent on each major litigation task (*e.g.*, drafting the complaint, investigating, attending mediation).

I.  Incentive Awards

Plaintiffs shall explain why the $50,000 incentive awards ($25,000 for each named Plaintiff) are appropriate.

J.  Notice to the Class

The parties shall address whether there may be additional appropriate means by which to notify the class of the settlement – *e.g.*, via email, social media, etc. *See* Sett. Agmt. ¶ V.A (providing for notice by mail).

The parties shall address why the settlement agreement contains the following provision: "The Parties further agree that the Notice of Settlement and the accompanying Opt-Out Form shall not be in any way posted on Class Counsel's website or any other Internet site unless required by the Court." Sett. Agmt. ¶ XVI.A.

K.  Opt-Outs and Objections

Should the class be given more than 45 days to opt out or object? Or more than 15 days to opt out or object if the notice needs to remailed? Or more than 15 days to cure an opt out? *See* Sett. Agmt. ¶¶ VI.A, VI.D.

Should opt-outs and objections be permitted through means other than mail – *e.g.*, through an electronic submission? *See* Sett. Amgt. ¶ VI.A.

L.   Claims

Is there a process by which a class member can contest the number of workweeks?

M.   Cy Pres Beneficiary

Under the settlement agreement, uncashed or unclaimed checks shall be disbursed to California State Controller's Unclaimed Property Fund.  *See* Sett. Agmt. ¶ X.C.3.  Have the parties discussed a cy pres beneficiary instead?

N.   Proposed Class Notice

The parties have submitted a proposed class notice, which can be found at Exhibit A of the settlement agreement.  The parties shall discuss a short-form notice, should the Court order notice through means in addition to mail.

Regarding the proposed class notice, the Court has the following comments.

*Page 1*.  At the top of the class notice, the class members should be notified (in bold) what the estimated average payout is, for both the PAGA and non-PAGA claims, with the additional note that the actual amount will depend on the number of workweeks and other factors.

*Page 1*.  The chart describing options is confusing.  The last row "Change Contact Info" should be eliminated, and the content should be included as part of the "Do Nothing" row instead.  The "Object to the Settlement" row should be modified – *i.e.*, to clarify that a class member who objects remains in the settlement and will receive the payment provided for under the settlement if the Court rejects the objection.

*Section VII*.  In the subsection "Object to the Settlement," the same clarification above should be made.

**IT IS SO ORDERED**.

Dated: December 9, 2020

_____
EDWARD M. CHEN
United States District Judge