# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BANKWITZ, an individual; WILLIAM JACOBO, an individual; on behalf of themselves and other persons similarly situated,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>ECOLAB INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | Case No. 3:17-cv-02924-EMC<br><br>CLASS ACTION<br><br>[~~PROPOSED~~] ORDER GRANTING MOTIONS FOR FINAL APPROVAL OF CLASS ACTION AND PRIVATE ATTORNEYS GENERAL ACT SETTLEMENT, FOR ATTORNEYS' FEES AND COSTS, AND FOR CLASS REPRESENTATIVE SERVICE ENHANCEMENTS<br><br>HEARING:<br>Date:　June 24, 2021<br>Time:　1:30 p.m.<br>Place:　Courtroom 5, 17th Floor<br>　　　　450 Golden Gate Avenue<br>　　　　San Francisco, CA 94102 |

Pending before the Court are the Motions for Final Approval of Class Action and Private Attorneys General Act Settlement, for Attorneys' Fees and Costs, and for Class Representative Service Enhancements. On January 7, 2021, the Court granted the Plaintiffs' motion for preliminary approval of the proposed class and Private Attorneys General Act ("PAGA") settlement in the instant Action, *Bankwitz v. Ecolab Inc.*, Case No. 3:17-cv-02924-EMC, subject to the Court's approval of a revised class notice. (Dkt. 143.) On January 15, 2021, the parties submitted a Stipulation and revised class notice (Dkt. 147); that revised class notice was further modified by the Court (Dkt. 148) and re-submitted by the parties with the Court's requested modification (the "Class Notice") (Dkt. 149). On January 20, 2021, the Court issued a further order granting preliminary approval of the Settlement, certifying the class for settlement purposes, appointing Plaintiffs Robert Bankwitz and William Jacobo as Class Representatives, appointing Plaintiffs' counsel as Class Counsel, appointing Simpluris as Claims Administrator, and approving the mailing of the Class Notice by Simpluris to the settlement class (the "Class Members," as defined below).

The Court, after careful consideration of the pending motions and filings in support thereof, now ORDERS as follows:

1. This Order incorporates by reference the definitions used in the parties' Labor Code Private Attorneys General Act and Class Action Settlement and Release Agreement ("PAGA/Class Agreement"), which is attached as Exhibit 1 to the Motion for Preliminary Approval of Class Action and Private Attorneys General Act Settlement ("Motion for Preliminary Approval" or "Motion") (Dkt. 132-1). All terms used herein shall have the same meaning as set forth in the PAGA/Class Agreement. The term "Class Members" has the same meaning as the term "Non-Claimant Settlement Class Members" as defined in the PAGA/Class Agreement. The settlement of the class and PAGA representative claims asserted in this Action for which the parties request final approval is referred to herein as the "Settlement."

2. The Court GRANTS Plaintiffs' Motion for Final Approval of Class Action and Private Attorneys General Act Settlement.

3. The Court finds that the Settlement is the product of serious, informed, non-collusive negotiations conducted at arm's-length by the parties. In making these findings, the Court considered, among other factors, the potential damages claimed in the lawsuit on behalf of Plaintiffs and the Class

Members (which total 53 participating individuals), Defendant's potential liability, the risks of continued litigation including trial outcome, delay and potential appeals, the substantial benefits available to the Class Members as a result of the Settlement, the parties' participation in mediation with an experienced class action mediator, and the fact that the proposed Settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. The Court further finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member.

4. The Court certifies the following settlement class ("Class Members") pursuant to Fed. R. Civ. P. 23 for settlement purposes only in accordance with the terms of the PAGA/Class Agreement:

> Plaintiffs Bankwitz and Jacobo and all other current and former Ecolab employees who worked as Territory Managers (TMs) and/or Hospitality Territory managers (HTMs) and/or Territory Sales Representatives (TSRs) in California at any time from May 22, 2013 through January 20, 2021 (the date of preliminary approval of the PAGA/Class Agreement), except those who: (i) filed an arbitration complaint asserting the same or similar claims as Bankwitz and Jacobo that is presently pending and has not been adjudicated to a final award, dismissed, or resolved by an offer of compromise; (ii) accepted an offer of settlement of their individual claims and released their wage and hour claims against Ecolab; (iii) are individually represented by Plaintiffs' Counsel for purposes of pursuing their individual wage and hour claims but have not filed an arbitration complaint; or (iv) were hired as a TSR on or after January 5, 2020, and did not hold a TM or HTM position between May 22, 2013 and January 4, 2020. "Class Members" excludes any individual who participated in the settlement of the case entitled *Martino v. Ecolab*, U.S. District Court for the Northern District of California, Case No. 5:14-cv-04358, and whose claims are completely barred by the *Martino* settlement.

5. The Court finds, for settlement purposes only, that the Settlement satisfies the requirements of Federal Rules of Civil Procedure 23(a) and (b) and is granted final approval by the Court. Specifically, it appears that the class is so numerous that joinder of all members is impractical, there are questions of law or fact common to the Class Members, the claims of the representative Plaintiffs are typical of the Class Members' claims; and the Plaintiffs will fairly and adequately protect the Class Members' interests. Additionally, questions of law or fact common to the Class Members predominate over individual questions, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6. The Court finds that the Class Notice that was approved by the Court in its Order of January 20, 2021 was timely sent to the Class Members by the Court-approved Claims Administrator Simpluris, and that the Class Notice fully and accurately informed the Class Members of all material elements of the lawsuit and proposed class action Settlement, including each Class Member's right and opportunity to object to the proposed class action Settlement and be heard at the final approval (fairness) hearing.

7. No Class Member objected to the Settlement or any of its terms up through the date of the hearing of the instant Motions. Accordingly, any objection is deemed to have been waived and all Class Members are foreclosed from making any objections to the Settlement, whether by appeal or otherwise.

8. No Class Member opted out of the Settlement by the Response Deadline. All Class Members are therefore bound by all the terms and provisions of the PAGA/Class Agreement, the final approval order, the final judgment, and the releases set forth therein, and each Class Member is deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement, whether or not such person objected to the Settlement and whether or not such person participated in the Settlement. All Class Members are enjoined from proceeding against Ecolab or any of the Released Parties for any claims that were pleaded in Plaintiffs' operative Fourth Amended Complaint or that were released in the Release of Claims by Non-Claimant Settlement Class Members set forth in the PAGA/Class Agreement.

9. The Court orders that all individuals who are PAGA Members, as that term is defined in the PAGA/Class Agreement shall be, upon entry of this Order granting final approval of the Settlement, bound by the PAGA Release in the PAGA/Class Agreement and shall be deemed to have waived and released Ecolab and the Released Parties from any and all PAGA claims that were asserted or could have been asserted in any LWDA Notice, pleading or complaint filed in connection with this Action asserting claims for penalties under the Private Attorneys General Act, up until and including the date of this Order.

10. The Court GRANTS Plaintiffs' Motion for Attorneys' Fees. Class Counsel are awarded reasonable attorneys' fees in the amount of $637,500.00, which is equivalent to twenty-five percent of the gross PAGA/Class Settlement Amount (defined in the PAGA/Class Agreement). Class Counsel shall also be paid out of the PAGA/Class Settlement Amount for their litigation costs in the amount of $20,917.07.

11. The Court GRANTS Plaintiffs' Motion for Class Representative Service Enhancements. From the PAGA/Class Settlement Amount, Plaintiffs Bankwitz and Jacobo shall each be paid a service enhancement award of $25,000.00, for a total of $50,000.00.

12. The Court approves the following payments to be made from the PAGA/Class Settlement Amount to effectuate the terms of the parties' Settlement and this Order:

- California Labor and Workforce Development Agency (as PAGA penalties): $150,000.00;
- Plaintiff Robert Bankwitz (as a Service Enhancement): $25,000.00;
- Plaintiff William Jacobo (as a Service Enhancement): $25,000.00;
- Class Counsel (as attorney's fees): $637,500.00;
- Class Counsel (as litigation costs and expenses): $20,917.07; and
- Simpluris (for claims administration fees): $8,500.00.

13. After making the above payments from the PAGA/Class Settlement Amount, an additional $50,000.00 shall be distributed to the PAGA Members pursuant to the terms of the PAGA/Class Agreement and Final Approval Order. After such distribution to the PAGA Members, the remaining settlement funds shall be distributed to the Class Members pursuant to the terms of the PAGA/Class Agreement and Final Approval Order.

14. The Court retains jurisdiction over the case and the parties to the extent necessary to implement the terms of the Settlement until after the completion of each act agreed to be performed by the parties.

**IT IS SO ORDERED.**

Dated: June 24, 2021

_____
HON. EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

[PROPOSED ORDER] GRANTING FINAL APPROVAL OF CLASS ACTION AND PRIVATE ATTORNEYS GENERAL ACT SETTLEMENT, FOR ATTORNEYS' FEES AND COSTS, AND FOR CLASS REPRESENTATIVE SERVICE ENHANCEMENTS